## Ex parte BRANIGAN.

WHERE a Justice of the Peace issues a warrant to arrest and bring before him for examination a party charged with crime, the officer making the arrest may take the party before another Justice of the Peace of the same county, who may make the examination and commit, in case of the absence or inability to act of the Justice issuing the warrant.

To enable the officer to take the party arrested before another magistrate for examination in case of such absence or inability to act, it is not essential that the warrant of arrest should contain a direction to that effect.

A commitment for larceny must state of what property the larceny alleged was committed, to whom it belonged, its value, and the time when and the place where the offense was committed.

A commitment for rape must state the person upon whom the alleged rape was committed, the use of violence, which is an essential ingredient in the offense, and the time and place where the offense was committed.

Where an examination has been had by a magistrate and a commitment has been issued by him which is defective in form or substance, a second commitment, omitting or correcting the defects of the first, may be issued, provided there is any order, or judgment, or entry of the magistrate made at the conclusion of the examination to which he can refer for guidance, but he cannot resort merely to his own recollection for the facts of the case.

The statute contemplates that the order of discharge or commitment made by the magistrate upon the completion of the examination of a party charged with crime shall be reduced to writing; and if the magistrate has indorsed his order on the depositions and statement, (Cr. Pr. Act, secs. 163, 164) or entered it in his docket, (where there have been neither depositions nor statement) commitments may be issued until the object of the order has been accomplished.

Where a commitment, issued by a Justice of the Peace of the city and county of Sacramento, is directed to the Sheriff of said city and county, the Warden of the county jail thereof has authority to receive and retain in his custody the party charged.

Where, on *habeas corpus*, the offense charged is so defectively set forth in the warrant of commitment that the party cannot be held thereunder, but it appears from the papers that he ought not to be discharged, the Judge hearing the application ought to hold the party for examination, and cause the complainant and witnesses to attend before him for that purpose.

APPLICATION to FIELD, C. J. for a writ of *habeas corpus*.

The facts appear in the opinion.

*Geo. F. James* and *I. S. Brown*, for Petitioner.

*James W. Coffroth* and *C. Cole*, District Attorney, *contra*.

FIELD, C. J. delivered the following opinion:

The prisoner is held in custody by the Warden of the prison of the city and county of Sacramento, under four commitments issued by L. H. Foote, a Justice of the Peace, upon criminal charges of rape and grand larceny. The commitments all bear date on the second of July, 1861, but two of them were not in fact issued by the Justice until the twenty-eighth of August following. The prisoner moves for his discharge from imprisonment upon various grounds, and among others upon the following substantially: 1st, that the Justice who issued the commitments never acquired jurisdiction of the subject matter of the charges against him or of his person; 2d, that the two commitments originally issued are defective in matter of substance; 3d, that the two commitments issued on the twenty-eighth of August were issued without being authorized by any previous order or judgment of the Justice; and 4th, that the officer having the custody of the prisoner is not the person authorized by law to detain him under the commitments.

1. The first ground is based upon the fact that the original warrants of arrest were issued by Coggins, another Justice of the Peace of the same city and county, and were made returnable before him. It is contended that the Justice thus issuing the warrants alone had jurisdiction to take the examination of the prisoner, or to make any orders of commitment thereon. In this respect the counsel of the prisoner is mistaken. Every Justice of the Peace of a county is a committing magistrate, and as such has jurisdiction to examine persons charged with the commission of public offenses within his county; and though, as a general rule, parties arrested should be taken before the magistrate issuing the warrant, yet many cases may arise where this course cannot be pursued, and where serious inconvenience and delay to the public and the prisoner might follow if the examination could not be conducted before another magistrate. The statute contemplates that in case of the absence or inability to act of the Justice issuing the warrant, the prisoner shall be taken before another magistrate, and provides that a direction to that effect shall be inserted in the warrant. (Cr. Prac. Act, sec. 107.) The presence of the direction in the warrant does not confer the jurisdiction

upon the other magistrate.   That arises from the statute ; the in-sertion is only to guide the officer.   The object of the law is effected if the officer takes the party before another magistrate, in case the first Justice is absent or unable to act.   And the only right which the prisoner can exact from the change, in case he insist upon an examination, is, that the affidavits upon which the warrant for his arrest was issued shall be transmitted to the new magistrate, or if they cannot be procured, that the prosecutor and his witnesses shall be summoned to give their testimony anew.   (Crim. Prac. Act, sec. 120.)

2. The original commitments issued by the Justice on the second of July, 1861, are as follows :

"*State of California, City and County of Sacramento*—Justice's Court ; L. H. Foote, a Justice of the Peace, Sacramento City.

" The People of the State of California, to the Sheriff of the city and county aforesaid : An order having been this day made by me that Michael Branigan be held to answer upon a charge of grand larceny, you are therefore commanded to receive him into your cus-tody and detain him until he be legally discharged.

" Witness my hand this second day of July, A. D. 1861.

" L. H. FOOTE, Justice of the Peace."

"*State of California, City and County of Sacramento*—Justice's Court ; L. H. Foote, a Justice of the Peace, Sacramento City.

" The People of the State of California, to the Sheriff of the city and county aforesaid : An order having been made by me that Mike Branigan be held to answer upon a charge of rape, you are therefore commanded to receive him into your custody, and detain him until legally discharged.

" Witness my hand this second day of July, A. D. 1861.

" L. H. FOOTE, Justice of the Peace."

These commitments do not state the offenses charged against the prisoner with sufficient particularity.   The first does not state of what property the larceny alleged was committed, nor to whom the property belonged, nor its value, nor the time when nor the place

where the offense was committed.   For the omissions in these par-
ticulars, the commitment is fatally defective.   The second commit-
ment does not state the person upon whom the alleged rape was
committed, nor the use of violence, which is an essential ingredient
in the offense, nor the time when nor the place where the offense
was committed.   It is therefore equally defective with the first.
" Though it has been said," observes Chitty, in his treatise on Crim-.
inal Law, " that a commitment need not be drawn with the same
precision as an indictment, yet it is very important that it should
be framed with accuracy, or the party may, though prosecuted for
a felony, be discharged out of custody, or if he escape the officer,
may not be punishable." (1 vol. 109.)   " It ought to set forth,"
says Hawkins, " the crime alleged against the party with convenient
certainty, whether the commitment be by the privy council, or any
other authority; otherwise the officer is not punishable, by reason
of the *mittimus*, for suffering the party to escape ; and the Court
before whom he is removed by *habeas corpus* ought to discharge or
bail him."   (Pleas of the Crown, book 1, chap. 16, sec. 16.)
As to what statement of the offense will be deemed a statement of
the same with " convenient certainty," there is some difference of
opinion in the authorities.   Mr. Hurd, in his valuable work on *habeas
corpus*, refers to this difference, and concludes, from an examination
of the subject, that " a commitment, in the absence of any statutory
provisions prescribing its form and contents, does not sufficiently
state the offense by simply designating it by the species or class of
crimes to which the committing magistrate may consider it to be-
long; but that it ought to state the facts charged or found to con-
stitute the offense, with sufficient particularity to enable the Court,
on a return to a *habeas corpus*, to determine what particular crime
is charged against the prisoner." (Book 1, chap. 7, sec. 7 ; see also
*The King* v. *Wilkes*, 2 Wils. 158; 1 Chitty's Crim. Law, 111 ;
Hale's Pleas of the Crown, 2 vol. 122; Davis' Justices of the
Peace, chap. 6.)   The commitment must therefore not only state
the offense charged, but such facts as are essential to constitute
the offense against the prisoner.   Such was the rule of the common
law, according to the most approved authorities, and such is the
requirement of the statute in this State.   The statute provides that

the commitment shall state " briefly the nature of the offense, and as near as may be, the time when, and the place where, the same was committed ;" and gives the form of a commitment which can be readily followed by magistrates. There is no excuse for the issuance of process so defective as the commitments under consideration.

3. The two commitments issued on the twenty-eighth of August are perfect in their form, containing every statement required. The only question is as to the authority of the Justice to issue them. There is no doubt that where an examination has been had by a magistrate, and a commitment has been issued by him which is defective in form or substance, a second commitment, omitting or correcting the defects of the first, may be issued, provided there be any order, or judgment, or entry of the magistrate, made at the conclusion of the examination to which reference can be had to guide him in the matter. He cannot resort merely to his own recollection for the facts of the case. It would lead to great abuses and frequent oppression, if he could undertake to change the form or substance of warrants issued by him, upon his mere recollection or impression of the evidence taken before him months previously. The statute contemplates that his order, either of discharge or committal, made upon the completion of the examination, shall be reduced to writing. The one hundred and sixty-third and one hundred and sixty-fourth sections of the Criminal Practice Act relate to this subject. They are as follows:

" SEC. 163. After hearing the proofs and the statement of the defendant, if he have made one, if it appear either that a public offense has not been committed, or there is no sufficient cause to believe the defendant guilty thereof, the magistrate shall order the defendant to be discharged, by an indorsement on the depositions and statement signed by him to the following effect: ' There being no sufficient cause to believe the within named A. B. guilty of the offense within mentioned, I order him to be discharged.'

" SEC. 164. If, however, it appear from the examination that a public offense has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate shall in like manner indorse on the depositions and statement an order

10

signed by him to the following effect : ' It appearing to me by the within depositions, (and statement, if any) that the offense therein mentioned (or any other offense according to the fact, stating generally the nature thereof) has been committed, and that there is sufcient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same.' ''

Where an order like that mentioned in the last section has been indorsed on the depositions and statement, or if there be neither depositions nor statement, has been entered in the docket of the Justice, there can be no question as to the authority to issue a second commitment in place of a defective one previously issued. Commitments may be issued until the object of the order is accomplished.

In the examination of the prisoner upon the two charges for which he is held, the testimony of the witnesses was not reduced to writing, nor was any statement made by him.    The entry of the Justice in his docket upon the charge of grand larceny, is as follows :

" Police Court, July 2d, 1861—before L. H. Foote, J. P.
" *The People of the State of California* v. *Mike Branigan.* Grand larceny, committed in the city and county ot Sacramento, and State of California, the —— day of June, A. D., 1861.
" Defendant present, and declared himself ready for examination.
" Edith Mitchell, San Francisco ; Mrs. Tanner, San Francisco ;
" John Davis *et al.* sworn and testified.    Court held defendant to answer, and bond fixed at $3,000.    Commitment issued.
" July 2d, 1861.                    L. H. Foote, J. P."

There is in this entry no statement of the property of which the larceny was charged, nor any statement to whom the property belonged, or of its value.    Yet in the commitment issued on the twenty-eighth of August following, all these essential particulars are stated, and the necessary inference follows that they were thus stated from the mere recollection of the Justice.    That commitment is as follows :

. " *State of California, City and County of Sacramento*—Justice's Court; L. H. Foote, a Justice of the Peace, Sacramento city.

" The People of the State of California to the Sheriff of the city and county aforesaid : An order having this day been made by me that Michael Branigan be held to answer upon a charge of grand larceny, committed by feloniously stealing, taking and carrying away one gold watch, of the value of sixty dollars, of the chattels of Edith Mitchell, on the twenty-ninth day of June, 1861, at said city and county ; you are therefore commanded to receive him into your custody and detain him until he is legally discharged.

" Witness my hand, this second day of July, A. D., 1861.

" L. H. FOOTE, Justice of the Peace."

This commitment is not warranted by any previous order or entry of the Justice, and in issuing it he acted without authority.   The same observations will apply to the second commitment for the alleged offense of rape, issued on the twenty-eighth of August. The entry in the Justice's docket upon that charge is as defective as the one upon the charge of grand larceny.

4. The fourth ground of discharge is based upon the fact that the commitments are directed to the Sheriff of the city and county of Sacramento, and the prisoner is in the custody of the Warden of the prison of the city and county.   This ground is answered by the provisions of section fifty-three of the Act known as the Consolidation Act of the City and County of Sacramento, and the provisions of the statute to which that section refers.   (Laws of 1858, Chap. 301.)

The conclusion, then, at which I have arrived is, that the first and fourth grounds upon which the discharge of the prisoner is moved are not tenable, but that the second and third grounds are well taken.   I should, therefore, order his discharge, but for the provisions of the twenty-second section of the Habeas Corpus Act. That section reads as follows :

" If it shall appear to the Court or Judge by affidavit, or upon hearing of the matter, or otherwise, or upon the inspection of the process or warrant of commitment, and such other papers in the proceedings as may be shown to such Court or Judge, that

the party is guilty of a criminal offense, or ought not to be discharged, such Court or Judge, although the charge be defectively or unsubstantially set forth in such process or warrant of commitment, shall cause the complainant, or other necessary witnesses, to be subpœnaed to attend at such time as shall be ordered, to testify before such Court or Judge ; and upon the examination he shall discharge such prisoner, let him to bail if the offense be bailable, or recommit him to custody, as may be just and legal."

I am of opinion, from the papers before me, that the prisoner, under the provisions of this section, ought not to be discharged, and in compliance with them shall order him to be held for examination, and that subpœnas issue for the complainant and witnesses to attend before me upon such examination.

Ordered accordingly.

BALDWIN, J. and COPE, J.—We have been consulted by the Chief Justice upon the questions discussed by him in the above opinion, and we fully concur in his views.