[No. 20850. In Bank. — February 12, 1892.]

THE PEOPLE, RESPONDENT, *v.* EDWARD WILSON ET AL., APPELLANTS.

CRIMINAL LAW — SETTING ASIDE INFORMATION — PRELIMINARY EXAMINATION — WRITTEN COMMITMENT — REPORTER'S NOTE OF ORAL ORDER.— An order holding the defendant to answer for a public offense, after a preliminary examination, must be in writing and signed by the magistrate, in order to sustain an information, and an oral order reduced to writing by the reporter, and not signed by the judge, is not a compliance with the statute, and will not justify the overruling of a motion to set aside the information for want of a legal commitment by a magistrate.

ID.— CONSTRUCTION OF CODE — DIRECTORY PROVISION — INDORSEMENT UPON DEPOSITION — EXECUTION OF WRITTEN ORDER. — The provision of section 872 of the Penal Code, requiring that where it appears upon a preliminary examination that a public offense has been committed, and there is sufficient cause to believe the defendant guilty thereof, an order to that effect, and that the defendant be held to answer the same, shall be indorsed upon the deposition, may be regarded as directory, in so far as it requires such indorsement; yet it is essential that the order be reduced to writing and signed by the magistrate, and entered either upon the official docket of the magistrate or upon the complaint or depositions.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Carroll Cook,* and *J. E. Foulds,* for Appellants.

The court erred in denying defendants' motion to set aside the information, as no commitment was indorsed either upon depositions or the complaint. (Pen. Code, secs. 809, 872, 995; Const., art. I., sec. 8; *Hurtado* v. *California,* 110 U. S. 516; *People* v. *Geiger,* 49 Cal. 651; *Kalloch* v. *Superior Court,* 56 Cal. 229; *Ex parte Branigan,* 19 Cal. 137; *Ex parte Bull,* 42 Cal. 196; *People* v. *Smith,* 59 Cal. 365; *People* v. *Young,* 64 Cal. 212; *People* v. *Hardisson,* 61 Cal. 378.)

*Attorney-General Hart,* and *Deputy Attorney-General Sanders,* for Respondent.

The motion to set aside the information was properly denied. The transcript of the reporter's notes is a deposition. (*People* v. *Grundell,* 75 Cal. 301.) It does not affirmatively appear from the record that the order mentioned in section 872 of the Penal Code was not indorsed thereon. (Pen. Code, sec. 869.) It will be presumed that the magistrate performed his duty as such. (*People* v. *Smith,* 59 Cal. 365.)

De Haven, J. — The defendants were charged by information with the crime of burglary, and appeal from a judgment of conviction and an order denying their motion for a new trial.

Upon their arraignment, the defendants moved to set aside the information, upon the ground that they had not been legally committed by a magistrate. The motion was denied, and the exception to this ruling is presented in a bill of exceptions, from which it affirmatively appears that defendants were examined before a magistrate upon a complaint charging them with the

crime of burglary, but no order holding them to answer
was ever indorsed by the magistrate upon the complaint,
or upon the depositions of the witnesses who testified
upon such examination.   The transcript of the reporter's
notes of the testimony given upon the preliminary exam-
ination was also introduced in evidence, in which is em-
bodied the following statement of the proceedings had
upon the conclusion of the evidence.

"*Mr. Dunne.* — That is all.   That is the case for the
people.

"*Mr. Cook.* — The case is submitted.

"*The Court.* — It is ordered that the defendants be
held to answer the charge that is preferred against them
before the superior court of this city and county, and
that their bail be fixed in the sum of four thousand dol-
lars each."

This is followed by the certificate of the reporter, to
the effect that what preceded it was a correct transcript
of the testimony and of the proceedings in the case.
This was all the evidence which the court had before
it upon the hearing of the motion to set aside the infor-
mation, and it was not sufficient to show that the de-
fendants were ever legally committed, prior to the filing
of the information.   Section 872 of the Penal Code pro-
vides that if upon the preliminary examination of a
defendant charged with crime it appears that a public
offense has been committed, and there is sufficient cause
to believe the defendant guilty thereof, "the magistrate
must make or indorse on the deposition" an order to
that effect, and that the defendant be held to answer to
the same.   This statute contemplates that the order re-
ferred to shall be in writing and signed by the magis-
trate.   (*Ex parte Branigan*, 19 Cal. 133.)   In so far as it
provides that the order shall be indorsed upon the depo-
sition, the statute may be regarded as directory; but it
is essential that it should be reduced to writing, and en-
tered either upon the official docket of the magistrate
or upon the complaint or depositions.   This record does
not disclose anything further than that the magistrate

made an oral announcement of his conclusion, which the reporter heard and reduced to writing as a part of the history of the proceedings as kept by himself, but this statement so certified by the reporter is in no sense an order signed by the magistrate, and cannot be regarded as a compliance with the law which makes such an order the foundation of the right to file an information against a defendant.

Judgment and order reversed.

GAROUTTE, J., SHARPSTEIN, J., PATERSON, J., HARRISON, J., and BEATTY, C. J., concurred.