[No. 20884.   In Bank. — May 12, 1892.]

THE PEOPLE, Respondent, v. RICHARD WALLACE, Appellant.

Criminal Law — Preliminary Examination — Legality of Commitment — Neglect of Committing Magistrate — Setting Aside Information. — An order, in writing, holding a defendant to answer upon the charge for which an information is filed, is, in fact and in law, made when it is entered upon the docket of the justice, and authorizes the filing of an information by the district attorney, and the failure to indorse the order upon the complaint, or the depositions taken at the preliminary examination, in no manner deprives the order of its validity, or affects any substantial right of the defendant, and neither such failure, nor the failure to reduce the testimony of the witnesses to writing, or to file a written commitment in the superior court, is sufficient ground for a motion to set aside the information for want of a legal commitment before its filing.

Id. — Charge of Larceny — Description of Offense — Variance of Information from Commitment. — Where a complaint filed before the

magistrate charged the defendant with the larceny of three steers, the property of "one Joseph Wright and E. G. Jones," for which he was held to answer, and the information charged him with stealing two steers, the property of "one Joseph Wright," the variance is fatal, and a motion to set aside the information as not charging the offense set out in the complaint upon which he was examined and held to answer should have been granted.

Id. — Ownership of Property — Identification of Offense. — In an indictment or information for larceny, where the stolen property is not otherwise described so as to identify the offense, the allegation of ownership is a material part of the description of the offense charged.

Id. — Duty of District Attorney — Absence of Depositions. — The district attorney in an information must confine himself to charging the offense named in the complaint, and for which the defendant was held to answer, in the absence of written depositions showing a different offense, and he is not authorized to go outside of the complaint, and order and charge a different offense upon what he may have learned from other sources.

Id. — Motion to Set Aside Information — Decision upon Question of Variance — Presumption upon Appeal. — Where the record in a criminal prosecution shows that the complaint upon which the defendant was examined and held to answer was introduced upon the hearing of a motion to set aside the information for variance between the complaint and information, it will be presumed upon appeal that the trial court, in passing upon and denying the motion, considered the question of variance.

Bill of Exceptions — Reference to Document Set out in Record. — A bill of exceptions is to be read in connection with the record of which it forms a part, and a document set out in another part of the record, which is sufficiently identified as the one referred to in the bill of exceptions, may be deemed a part of it, and considered in passing upon the merits of an exception reserved by such bill.

Appeal from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves & Graves,* and *Wilcoxon & Bouldin,* for Appellant.

*District Attorney Dorn,* and *Deputy Attorney-General Layson,* for Respondent.

De Haven, J. — The defendant was charged by information with the crime of grand larceny, and appeals from a judgment of conviction, and an order denying his motion for a new trial.

1. Upon his arraignment, the defendant moved to set aside the information, upon the ground that he was not legally committed before its filing. The motion was denied, and the exception to this ruling is made a part of the record by a bill of exceptions, from which it appears that defendant was in fact examined before a justice of the peace upon a charge of grand larceny, and as a result of such examination, an order was made by the justice holding him to answer said charge before the superior court. This order was entered in the docket of the justice, but was not indorsed upon the complaint, nor was there any written commitment of any kind on file in the superior court, and it did not appear that the testimony of any of the witnesses upon the preliminary examination was reduced to writing. Section 872 of the Penal Code provides that when a defendant is held to answer, "the magistrate must make or indorse on the deposition an order signed by him" to that effect; and it is claimed by appellant that this section prescribes the only evidence of the fact of the making of such order, and that the order is not made in contemplation of law until it is indorsed upon the complaint or upon the depositions referred to in that section. We cannot agree with appellant in this contention. It is doubtless true that the order holding to answer must be in writing (*Ex parte Branigan*, 19 Cal. 133; *People* v. *Wilson*, 93 Cal. 377); but when, as a result of an examination, such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action upon his part is necessary in order to authorize the district attorney to file an information against a defendant for the offense named in the order. (*People* v. *Wilson*, 93 Cal. 377.) The law requires the justice to keep a docket in which must be entered each action, and all proceedings therein (Pen. Code, sec. 1428); and we are of opinion that an order holding a defendant to answer is in fact and in law made when it is entered upon the docket of the justice, and the failure to indorse such order upon the com-

plaint or the depositions taken in no manner deprives
the order of its validity, or affects any substantial right
of a defendant.    The case of *People* v. *Thompson*, 84 Cal.
598, is not in conflict with what is here decided.    It was
there held that the court properly set aside an information,
because the indorsement upon the depositions re-
turned was not in accordance with the statute, and that
having done so there was no error in directing that
such depositions be returned to the justice for proper
indorsement, and that such indorsement could be made
without a re-examination of the case.    This case was
rightly decided, but the general reasoning found in the
opinion must be construed with reference to the par-
ticular point before the court.

2. The defendant further claims that he was not
legally committed for the offense charged in the infor-
mation, because it is not the same as charged in the
complaint upon which he was examined and held to an-
swer; and we think his motion to set aside the informa-
tion should have been granted for this reason.    It is
shown by the record that in the complaint filed before
the magistrate, the defendant was charged with the lar-
ceny of " three certain steers, the personal property then
and there of one Joseph Wright and E. G. Jones," while
in the information he is charged with stealing " the per-
sonal property of one Joseph Wright, to wit, two certain
steers."    It is manifest that there is such a variance be-
tween the offense described in the complaint and that
charged in the information that the one cannot be
deemed the same as the other.    The only attempt made
in either the complaint or information to describe the
stolen property, and thus to identify the offense, was by
an averment as to the ownership of the property, and
this averment not being the same in both, the informa-
tion describes a different offense from that contained in
the complaint; and proof which would sustain one would
not support the other.    (2 Bishop's Crim. Proc., sec.
723.)    There can be no doubt that in an indictment or
information for larceny, where the stolen property is

not otherwise described so as to identify the offense, the allegation of ownership is a material part of the description of the offense charged. (*People* v. *Hughes*, 41 Cal. 234.)

There were no depositions returned to the superior court, and the district attorney, in the information filed, should have confined himself to charging the offense named in the complaint, and for which the defendant was held to answer. That officer was certainly not authorized to go outside of the complaint and the order holding the defendant to answer, and upon what he may have learned from other sources charge a different larceny in the information. (*People* v. *Parker*, 91 Cal. 91.)

It is claimed by the attorney-general that this objection to the information was not made upon the hearing of the motion to set it aside, but only after verdict upon a motion to arrest the judgment. We do not so understand the record. It is true, that in the bill of exceptions settled by the court upon its ruling on the motion to set aside the information, the complaint upon which defendant was examined and held to answer is not set out in substance or in terms, but it does appear therefrom that such complaint was introduced in evidence upon the hearing of the motion, and as it is set out in another part of the record before us, we can look at it for the purpose of ascertaining its contents. A bill of exceptions is to be read in connection with the record of which it forms a part, and a document set out in another part of the record, which is sufficiently identified as the one referred to in such bill of exceptions, may be deemed a part of it, and considered in passing upon the merits of an exception reserved by such bill. As the record shows that the complaint upon which defendant was examined and held to answer was introduced upon the hearing of the motion to set aside the information, and the point here discussed was involved in the motion made, we are bound to presume that the court considered the same in passing upon that motion, and in effect decided that the variance between the complaint and in-

formation above noticed was not sufficient to justify it in granting the motion to set aside. It is not necessary that the bill of exceptions should show that this particular objection was urged in the argument of that motion before the superior court; but it is sufficient that it arises upon the motion as made and the evidence given upon the hearing.

Judgment and order reversed.

GAROUTTE, J., SHARPSTEIN, J., PATERSON, J., and HARRISON, J., concurred.

Rehearing denied.