[Crim. No. 717.   Fourth Dist.   Mar. 9, 1949.]

THE  PEOPLE,  Appellant,  v.  STEVE  CHRISTOPHER
THOMAS, Respondent.

Fred N. Howser, Attorney General, Henry A. Dietz, Deputy Attorney General, James Don Keller, District Attorney, Ronald Abernathy and John H. Barrett, Deputy District Attorneys, for Appellant.

Thomas Whelan for Respondent.

MUSSELL, J.—Defendant was charged with the crime of perjury in a complaint filed in the Municipal Court in the City of San Diego. A preliminary hearing commenced on May 11, 1948, was continued four times to June 3, 1948, on which date it was concluded and the defendant held to answer to the superior court.

The information charging the defendant with perjury was filed in the superior court on June 16, 1948. The defendant was arraigned in that court on July 15, 1948, at which time a motion was made to set aside the information on grounds as set forth in section 995 of the Penal Code. The court observed that the commitment was not dated and signed by the committing magistrate and remanded the case to the municipal court for completion of the entry binding over the defendant to the superior court.

After the remand to the municipal court the committing magistrate completed the form of commitment printed on the back of the complaint, by filling it in, signing it, and dating it May 20, 1948. This was one of the dates on which the preliminary examination had been set for further hearing but was not the date upon which defendant was actually held to answer. The defendant was again arraigned in the superior court on July 29, 1948, and on that date moved to set aside the information on the same grounds as before, and on the further ground that since the commitment was now dated May 20, 1948, and the information was filed on June 16th, the information was not filed within 15 days from May 20, 1948, and that under the provisions of subdivision 1, section 1382 of the Penal Code the defendant was entitled to a dismissal of the information. The deputy district attorney present, informed the court that according to the transcript the defendant was bound over to the superior court on June 3, 1948, and suggested that in view of the discrepancy the case should be remanded to the municipal court for further proceedings. Because of the admitted error the court granted the motion to dismiss the information and this appeal by the People followed.

■ We think the motion should have been denied and the case remanded to the lower court for further proceedings. It was admitted in open court by counsel for defendant that on June 3, 1948, there was an order committing the defendant and holding him to answer, and that on May 20, the matter was pending in the municipal court and was by stipulation continued to May 27, and again to June 3, 1948. It is quite apparent that the insertion of the date May 20, in the order of commitment, was a clerical error and opportunity should have been provided to correct the commitment so as to speak the truth.

■ The failure of the committing magistrate to endorse the order of commitment upon the complaint did not deprive the order of its validity or affect any substantial rights of the defendant. As was said in *People* v. *Wallace,* 94 Cal. 497 [29 P. 950] :

"It is doubtless true that the order holding to answer must be in writing (*Ex parte Branigan,* 19 Cal. 133; *People* v. *Wilson,* 93 Cal. 377 [28 P. 1061]) ; but when, as a result of examination, such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action upon his part is necessary in order to authorize the district attorney to file an information against a defendant for the offense named in the order. (*People* v. *Wilson,* 93 Cal. 377 [28 P. 1061].) The law requires the justice to keep a docket in which must be entered each action, and all proceedings therein (Pen. Code, sec. 1428) ; and we are of the opinion that an order holding a defendant to answer is in fact and in law made when it is entered upon the docket of the justice, and the failure to indorse such order upon the complaint or the depositions taken in no manner deprives the order of its validity, or affects any substantial right of a defendant."

The information was in fact filed within 15 days after defendant had been held to answer. The dismissal was not authorized under the provisions of section 1382 of the Penal Code.

Defendant argues that the order dismissing the information should not be set aside because he was committed without reasonable or probable cause.

The transcript of the evidence taken at the preliminary examination on the perjury charge shows that defendant testified in the Superior Court in San Diego County at the trial of Emory K. McLean and others there being tried on a charge of burglary and robbery alleged to have been committed on

the morning of October 10, 1947; that defendant testified in part that on that date at about 6:30 or 7 o'clock a. m., McLean was asleep at defendant's home several blocks from the scene of the burglary, and that McLean had stayed at defendant's home on the nights of October 16th and 17th. To prove the falsity of the testimony of the defendant two witnesses for the prosecution testified that McLean was one of the men engaged in the burglary and robbery which occurred at about 6:30 a. m., on October 19, 1947, and was seen by each of them at that time and place. A hotel clerk testified that McLean registered in the Hotel Churchill in San Diego on the night of October 16, 1947, at 7 o'clock p. m., and the registration was for two nights and the rent was paid in advance.

■ While it is true, as is contended by defendant, that perjury must be proved by the testimony of two witnesses, or of one witness and corroborating circumstances (Pen. Code, § 1103a), in a preliminary examination, it is not necessary that a defendant be proved guilty beyond a reasonable doubt. As was said in *People* v. *Mitchell,* 27 Cal.2d 678, 681 [166 P. 2d 10]:

" 'Reasonable or probable cause,' required to uphold the commitment of a defendant (Pen. Code, § 995), exists if there is sufficient proof to make it reasonable to believe that the defendant is guilty of the offense charged. (Citing cases.) "

Where there is some evidence to support the charge the courts will not inquire into its sufficiency, and while the evidence in the instant case might not be sufficient to support a verdict of guilty, such evidence is not required at a preliminary examination. ■ "Probable cause" is a state of facts which inclines a man of ordinary prudence conscientiously to entertain a strong suspicion that a prisoner is guilty. (*Curtin* v. *Superior Court,* 83 Cal.App.2d 461, 463 [189 P.2d 288].)

We conclude that reasonable and probable cause was shown to warrant holding the defendant to answer to the superior court on the charge of perjury.

Order of dismissal reversed.

Barnard, P. J., and Griffin, J., concurred.