Filed 8/10/22  P. v. Superior Court CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Petitioner, | E077795 |
| v. | (Super.Ct.No. INF2001162) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| SANJAY JAGDISH BAGAI, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Russell L. Moore, Judge. Petition granted.

Michael Hestrin, District Attorney, and John F. Pomeroy, Deputy District Attorney, for Petitioner.

No appearance by Respondent.

Shepard S. Kopp for Real Party in Interest.

## I. INTRODUCTION

Defendant and real party in interest, Sanjay Bagai (defendant), was charged in a felony complaint with violation of Penal Code[1] section 245, subdivision (a)(1). At his preliminary hearing, defendant moved to reduce the charge to a misdemeanor pursuant to section 17, subdivision (b)(5). The magistrate orally denied defendant's request, pronounced that he would hold defendant to answer, and set a subsequent hearing to permit defendant to bring a motion for reconsideration. At the subsequent hearing, the magistrate granted defendant's request to reduce the charge to a misdemeanor offense, purportedly pursuant to section 17, subdivision (b)(5).

The People seek review of the order granting defendant's motion for reconsideration by way of a petition for writ of mandate, arguing that the magistrate lost jurisdiction to reduce the charge pursuant to section 17, subdivision (b), once an order holding defendant to answer was filed. We agree with the People that under section 17, subdivision (b)(5), a magistrate possesses the authority to reduce charges against a defendant until the time an order holding defendant to answer is filed. Thereafter, the magistrate loses subject matter jurisdiction. We, therefore, grant the People's petition for writ of mandate and issue a preemptory writ directing respondent to vacate its order granting defendant's motion for reconsideration.

2

## II. PROCEDURAL HISTORY

On July 29, 2020, the People filed a felony complaint charging defendant with assault with a deadly weapon. (§ 245, subd. (a)(1).)

On August 30, 2021, a superior court judge sitting as a magistrate held a preliminary hearing in the matter. The magistrate received testimony from three witnesses, and the People requested the magistrate order that defendant be held to answer as charged. Defendant argued that there was insufficient probable cause to hold him to answer and, alternatively, requested that the magistrate reduce the charges pursuant to section 17, subdivision (b)(5).

In response to defendant's request, the magistrate indicated that defendant did not offer any evidence to suggest mitigating circumstances to support a potential reduction of charges pursuant to section 17, subdivision (b)(5). Specifically, the magistrate stated: "I would say that I do find there's probable cause to believe that the offense in Count 1 has been committed and that the defendant is guilty thereof. [¶] Where I really struggle, though, is on the section 17 motion. The defendant is, I believe, quickly approaching 55. . . . I don't have evidence of prior convictions or other cases, and that all bodes well for him. But what I don't have here are really substantial mitigating circumstances or evidence for why this offense took place." The magistrate then listed several examples of evidence that might have suggested mitigating circumstances but stated defendant had not presented any such evidence. In conclusion, the magistrate repeated: "So, therefore, I'm respectfully denying the motion pursuant to section 17 [, subdivision] (b) of the Penal Code, and I'll hold the defendant to answer."

3

After announcing the ruling, the magistrate took a brief recess. When the matter resumed, the magistrate inquired as to when counsel would like to schedule defendant's arraignment. In response, defendant requested permission to present additional evidence of mitigating factors for the magistrate to reconsider the denial of his section 17, subdivision (b) motion. The People objected, stating that the magistrate no longer had the authority to reduce the charge after issuing a holding order.

The magistrate did not dispute the People's position that a holding order had been issued; however, the magistrate expressed the view that defendant's request constituted a request for reconsideration, which defendant "has the right to do." The magistrate then reaffirmed that a holding order had been issued, expressing the view that any hearing on a motion for reconsideration must occur within 15 days, reasoning that under section 1382, "my holding order probably expires." The magistrate set a new hearing for September 9, 2021, as a hearing "on defendant's motion to reduce under section 17(b)."

The following items were entered into the electronic docket for this hearing: (1) "oral motion by defense counsel re 17(b) motion is called for hearing. . . . . Motion/petition denied"; (2) "Hearing Set Re: Defense Counsel 17B Motion on [September 9, 2021]"; and (3) "Court finds sufficient cause to hold the defendant to answer."

On September 8, 2021, the People filed an information charging defendant with two felony counts: (1) assault with a deadly weapon (§ 245, subd. (a)(1)), and (2) dissuading a victim from reporting a crime (§ 136.1, subd. (b)(1)).

4

On September 9, 2021, the trial court held a hearing for the purpose of reconsidering defendant's motion to reduce pursuant to section 17, subdivision (b), and granted the motion over the People's objection. The People seek a writ of mandate directing the trial court to vacate its order granting defendant's motion to reduce the charge to a misdemeanor pursuant to section 17, subdivision (b).

## III. DISCUSSION

### A. *The Trial Court's Order Is Void for Lack of Jurisdiction*

The sole issue presented by the petition is whether the magistrate had the authority to reduce the charges pursuant to the authority granted in section 17, subdivision (b)(5), after issuing an order holding defendant to answer. We conclude that the magistrate does not have such authority.

" 'Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' [Citation.] When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void, and 'thus vulnerable to direct or collateral attack at any time.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660; see *People v. Burhop* (2021) 65 Cal.App.5th 808, 814 [order is null and void where trial court lacks subject matter jurisdiction].)

It is undisputed that in this case, the superior court judge was acting as a magistrate when purporting to reduce the charges against defendant pursuant to section 17, subdivision (b)(5). With respect to a magistrate's statutory authority to reduce charges under section 17, subdivision (b), the statute provides: "When a crime is

5

punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . it is a misdemeanor for all purposes. . . . . [¶] . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to section 872, the magistrate determines that the offense is a misdemeanor . . . . " (§ 17, subd. (b)(5).) "Courts have consistently interpreted section 17(b) in accordance with its clear language." (*People v. Superior Court* (*Jalalipour*) (2015) 232 Cal.App.4th 1199, 1205.) Under the clear words of the statute, a magistrate "loses jurisdiction over the charges" once an order holding the defendant to answer has been made. (*People v. Silva* (1995) 36 Cal.App.4th 231, 234; see *Jalalipour*, at p. 1208 [Under the statute, "if the magistrate finds the People have appropriately charged the defendant with a felony, the defendant is held to answer," and "[t]hereafter, only the prosecution may reduce the charge . . . ."].)

Here, the record is clear that the magistrate issued an order holding defendant to answer at the time of the August 30, 2021 preliminary hearing. The magistrate expressly stated he was making such an order on at least two, separate occasions at the hearing. The magistrate's holding order was unequivocal and unconditional. Specifically, the magistrate ruled as follows: "So, therefore, I'm respectfully denying the motion pursuant to section 17 [, subdivision] (b) of the Penal Code, and I'll hold the defendant to answer." The magistrate's oral ruling was reflected in the court's electronic docket. Even when discussing the potential for reconsideration of defendant's request to reduce the charges, the magistrate confirmed that he had issued an order holding defendant to answer. Specifically, the magistrate characterized the request as a request for reconsideration;

reiterated the view that he had already made an order holding defendant to answer; and expressed the belief that his order holding defendant to answer remained in effect notwithstanding the fact that a subsequent hearing would be scheduled.[2]

Given this record, we are not persuaded by defendant's attempt to characterize the magistrate's action setting a subsequent hearing as the equivalent of ordering a continuance of the preliminary hearing. It is true that at the time of the September 9, 2021 hearing, the magistrate expressed his belief that he gave only a tentative decision at the preliminary hearing, and that the subsequent hearing was not a reconsideration but a hearing to accept "further argument" on the motion. Nevertheless, a court has no authority to " ' " 'declare that something was done which was not done.' " ' " (*People v. Kim* (2012) 212 Cal.App.4th 117, 124; see *Johnson & Johnson v. Superior Court* (1985) 38 Cal.3d 243, 256 [" '[The] court can only make the record show that something was actually done *at a previous time*; . . . [it] cannot declare that something was done which was not done.' "].) Nothing in the record of the August 30 preliminary hearing suggests that the magistrate continued the preliminary hearing or considered his decisions merely tentative at the time. In fact, as we have already set forth, the magistrate's own statements at the time suggest the opposite.

---

[2] Specifically, the court stated: "I feel that whatever I do I need to do within 15 days. I'm obviously thinking about 1382 of the Penal Code." This was clearly a reference to section 1382, subdivision (a)(1), which requires the court to dismiss the action "[w]hen a person has been held to answer for a public offense and an information is not filed against that person within 15 days." On a separate occasion, the court stated: "I feel that my holding order probably expires after the 14th of September."

On this record, it is apparent the magistrate issued an order holding defendant to answer pursuant to section 872 on August 30, 2021. It is also apparent that, at the time of the preliminary hearing, the magistrate fully understood he was issuing such an order. After the issuance of such an order, the magistrate lost jurisdiction to reduce the charge pursuant to section 17, subdivision (b)(5), and any subsequent order purportedly doing so is void for lack of jurisdiction.

B. *An Indorsement on the Complaint Is Not Necessary To Render a Magistrate's Holding Order Effective*

In his return, defendant does not seriously contest the jurisdictional limitations set forth in section 17, subdivision (b)(5), as interpreted by subsequent case law. Instead, he argues that even if the magistrate had issued a holding order, any such order was not valid because the magistrate failed to indorse the complaint as required by section 872.[3] We disagree.

The California Supreme Court rejected a nearly identical argument in *People v. Wallace* (1892) 94 Cal.497 (*Wallace*). In that case, the defendant moved to set aside an information on the ground that he was not legally committed because, while an order was entered in the magistrate's docket, there was no signature on the complaint or any written order of commitment. (*Id.* at p. 499.) As here, the defendant in that case argued that "the

---

[3] Section 872, subdivision (a), provides that if the magistrate determines "there is sufficient cause to believe that the defendant is guilty, the magistrate shall make or indorse on the complaint an order, signed by him or her . . . ."

8

order is not made in contemplation of law until it is indorsed upon the complaint . . . ." (*Ibid.*)

In rejecting this argument, our high court reasoned that "[i]t is doubtless true that the order holding to answer must be in writing . . . , but when . . . such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action upon his part is necessary in order to authorize the district attorney to file an information against a defendant for the offense named in the order. . . . The law requires the justice to keep a docket in which must be entered each action, and all proceedings therein . . . ; and we are of the opinion that an order holding a defendant to answer is in fact and in law made when it is entered upon the docket of the justice, and the failure to indorse such order upon the complaint . . . in no manner deprives the order of its validity, or affects any substantial right of a defendant." (*Wallace*, *supra*, 94 Cal. at pp. 499-500; see *People v. Sacramento Buthcers' Protective Asso.* (1910) 12 Cal.App. 471, 479-480 [failure to indorse complaint did not render holding order invalid].)

The facts of this case are nearly identical to those presented in *Wallace*, *supra*, 94 Cal. 497. The magistrate in this case orally pronounced his order holding defendant to answer on the charge and the electronic docket reflects that such an order was made. Thus, like in *Wallace*, the absence of a physical signature on the complaint itself does not deprive the order of its validity.[4]

---

[4] We disagree with defendant's contention that *Wallace* conflicts with the plain language of section 872 or *People v. Wilson* (1892) 93 Cal. 377 (*Wilson*). Section 872 states that the magistrate "shall make or indorse on the complaint an order" when holding

*[footnote continued on next page]*

We are unpersuaded by defendant's attempt to distinguish the Supreme Court's holding in *Wallace* by relying on the fact that the docket in this case is in electronic format. In our view, the importance of the Supreme Court's reference to the docket in *Wallace* has nothing to do with the appearance of a signature on a physical piece of paper. Instead, it is generally understood that "[e]ntries in a criminal docket are equivalent to entries in the minutes" (*People v. Stephen* (1986) 182 Cal.App.3d Supp. 14, 17, fn. 2; Pen. Code § 1428), and "entry in the minutes is the equivalent of signing a formal order and filing it with the clerk" (*Simmons v. Superior Court* (1959) 52 Cal.2d 373, 379). Thus, the importance of our Supreme Court's reference to the docket in *Wallace* is that such an entry has the legal effect of a written order. Nothing suggests that the current practice of keeping the docket or minute entries in electronic form dictates a different outcome.[5]

---

a defendant to answer. (*Id.* at subd. (a).) This language clearly states that the making of an order is an alternative to placing an indorsement on the complaint. *Wilson* clarifies that for purposes of section 872, making an order requires the order to be in writing and not merely stated orally. (*Wilson*, at p. 379) In turn, *Wallace*, *supra*, 94 Cal. 497, clarifies that an entry in the docket satisfies the requirement set forth in *Wilson* that the magistrate's order must be in writing. Thus, in our view, the plain language of the statute, *Wilson*, and *Wallace* are not in conflict.

[5] As the People point out in their traverse, it is widely established that the clerk of the court may maintain the register of actions in electronic format. (Cal. Rules of Court, rule 2.507; *County of Los Angeles v. American Contractors Indemnity Co.* (2011) 198 Cal.App.4th 175, 178, fn. 4 ["electronic docket" may be judicially noticed].) Further, the Penal Code now expressly contemplates that a magistrate may receive and file an accusatory pleading in purely electronic form. (§ 959.1.) Under defendant's interpretation of section 872, a magistrate would have to convert an electronically submitted pleading to physical form in order to issue a valid order holding defendant to answer. Such a rule would seem to serve no purpose and is inconsistent with the actions

*[footnote continued on next page]*

C. *The Power To Reconsider an Interim Order Does Not Continue After the Loss of*

*Jurisdiction*

Finally, defendant argues that the magistrate's September 9, 2021 order granting defendant's motion for reconsideration and reducing the charge against him is valid because the magistrate had inherent power to reconsider its prior ruling. Again, we disagree.

Initially, we note that defendant cites a series of authorities pertaining to the inherent powers of a superior court judge. However, unlike a superior court judge, "[a] magistrate has limited powers. 'The authority of a magistrate is purely statutory.' . . . 'Purely "a creature of statute" [citation], a magistrate "possesses only the limited jurisdiction and magistral powers conferred by the state Constitution and statute." ' " (*People v. Shrier* (2010) 190 Cal.App.4th 400, 419.) The limitations on a magistrate's authority apply even if a superior court judge is presiding as a magistrate over the proceeding. (*In re Geer* (1980) 108 Cal.App.3d 1002, 1005, fn. 4 ["[A] superior court judge sitting as a magistrate does not possess any other or greater powers than those possessed by any officer exercising the functions of a magistrate whose duties are those defined by statute."]; *Koski v. James* (1975) 47 Cal.App.3d 349, 355 [" '[J]udges of the superior court . . . when sitting as magistrates, have the jurisdiction and powers conferred by law upon magistrates, and not those which pertain to their respective judicial offices.' "]; *People v. Richardson* (2007) 156 Cal.App.4th 574, 591 [superior court judge

---

of the courts and the legislature permitting electronic record keeping. (See §959.1; see also Cal. Rules of Court, rules 2.507 & 2.503—specifically including register of actions.)

11

"did not have the powers of a superior court judge . . . *while* he acted as a magistrate"].) Thus, these authorities are not necessarily indicative of the extent of the magistrate's authority in this case.

More importantly, even assuming the magistrate's authority to reconsider a prior ruling is similar to that of a superior court judge, a superior court judge's authority to reconsider a prior ruling is not unlimited. Instead, "[t]he law is clear that a trial court's inherent powers ' "end[] . . . with the loss of jurisdiction." ' " (*People v. Berg* (2019) 34 Cal.App.5th 856, 876; see *Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1067 ["The loss of jurisdiction for purposes of reconsideration . . . occur[s] when the order [becomes] final and binding . . . ."].) This is true even if the trial court's own order is what triggers the loss of jurisdiction. (See *People v. Hampton* (2019) 41 Cal.App.5th 840, 848 [trial court's inherent authority did not permit reconsideration of order dismissing action because the order divested the court of subject matter jurisdiction, and " '[a] court has no authority to confer jurisdiction upon itself where none exists' "]; see also *Vallejo v. Superior Court* (2021) 73 Cal.App.5th 132, 147 ["[A] trial court loses jurisdiction over a criminal matter when a discretionary dispositive order is issued in a defendant's favor."].)

As we have already explained, the order holding defendant to answer divested the magistrate of jurisdiction to reduce any charge pursuant to section 17, subdivision (b)(5). Thus, even assuming the magistrate had inherent power similar to that of a superior court judge, once the magistrate lost jurisdiction, the magistrate was without power to reconsider a prior ruling on the matter.

12

This is not to say that the mere utterance of the words "hold defendant to answer" will immediately deprive a magistrate of the ability to consider further argument on the issue during the course of a hearing. Presumably, had the magistrate changed his ruling during the course of the preliminary hearing and then continued the hearing to permit further briefing, no order would have been entered in the docket. However, this is not the scenario presented by the facts of this case.

Contrary to defendant's characterization of the magistrate's order as a reconsideration "immediately after announcing his probable cause findings," the magistrate in this case made it abundantly clear that he was ordering that defendant be held to answer pursuant to section 872 and further made it abundantly clear that he considered such an order effective, despite his willingness to entertain a motion for reconsideration at a later time. If anything, the record suggests the magistrate ordered that defendant be held to answer, with the mistaken belief that he retained jurisdiction to reconsider the order at a later time.

However, even assuming the magistrate operated under a mistaken belief he could issue a holding order and later reconsider that order, this is not the type of error that can be corrected by reliance on inherent powers of reconsideration. Such an order constitutes judicial error instead of a clerical error. (*People v. Clark* (2021) 67 Cal.App.5th 248, 256 ["Clerical error occurs when the record fails to reflect what the court actually ordered [citation], while judicial error occurs when the record reflects what the judge actually ordered, but fails to reflect what the judge 'ought to have' ordered."].) " ' "[J]udicial error in the making of a final order or judgment 'may not be corrected except pursuant to

statutory procedures' or on the limited grounds available for a collateral attack." ' " (*People v. Hampton*, *supra*, 41 Cal.App.5th at p. 848 [court could not use inherent powers to vacate a dismissal " 'entered deliberately but upon an erroneous factual basis' " after loss of jurisdiction].) Thus, even if the magistrate mistakenly believed he had the authority to entertain a subsequent motion for reconsideration, the magistrate could not correct such an error after the loss of jurisdiction.

## IV. DISPOSITION

Let a writ of mandate issue directing the magistrate to vacate its order granting defendant's motion for reconsideration to reduce the charge against defendant and enter a new order denying the motion. The order to show cause is discharged, and the stay previously ordered by this court is lifted when this opinion becomes final.

Petitioner is directed to prepare and have the writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proofs of service on all parties.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
Acting P. J.

We concur:


RAPHAEL _____
J.


MENETREZ _____
J.

14