TOM FLEEMAN v. STATE.

No. A-1899.    Opinion Filed March 28, 1914.

Appeal from County Court, Greer County;
Jarrett Todd, Judge.

Tom Fleeman was convicted of a violation of the prohibitory law, and appeals. Reversed.

J. A. Powers, for plaintiff in error.

Chas. West, Atty. Gen., Smith C. Matson, Asst. Atty. Gen., and H. D. Henry, Co. Atty., for the State.

PER CURIAM. This appeal is prosecuted from a conviction had in the county court of Greer county in which plaintiff in error was by the judgment of the court sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars. The Attorney General has filed a confession of error, which is in part as follows: "Among other instructions the trial court gave the following, which said instruction was excepted to at the time by plaintiff in error, and exceptions allowed by the court: 'If you believe from the evidence that any witness has willfully sworn falsely, then you may disregard the testimony of such witness only in so far as it is corroborated by other testimony which you do believe.'' This is equivalent to saying that perjured testimony cannot be believed when it is corroborated by credible testimony; in other words it leaves the impression that such testimony must be believed if uncorroborated by credible evidence. This instruction is plainly erroneous, and in view of the evidence in this case and the circumstances under which this alleged offense was committed, we think the giving of the same prejudicial to the plaintiff in error. The trial court evidently intended to word instruction five (5) similarly to the one given in the case of **Gibbons v. Ter.**, 5 Okla. Cr. 212; that is to say, that the jury could disregard such testimony except in so far as the same was corroborated by other credible evidence, but even such instructions have been severely criticised by this court and in several cases held to be reversible error. **Gibbons v. Ter.**, 5 Okla. Cr. 212; **Rea v. State**, 3 Okla. Cr. 381; **Henry v. State**, 6 Okla. Cr. 430. This court has on all occasions indicated plainly an intent to discourage the giving of such instructions and has even gone so far as to point out the proper one to give on this subject. **Henry v. State**, 6 Okla. Cr. 430. For the reasons above given we think instruction No. 5 given by the court and excepted to was erroneous, and we confess error accordingly.'' We are of opinion that the confession of error should be sustained. The judgment of conviction herein is therefore reversed and a new trial granted. Mandate forthwith.