## *Ex parte* J. B. WARFORD.

No. A-442.  Opinion Filed January 15, 1910.

(106 Pac. 559.)

1.  **DISMISSAL—Bar to Subsequent Prosecution.** A dismissal of an action under section 7050, Snyder's Ann. St. 1909 (section 5710, Wilson's Rev. & Ann. St. 1903), where the defendant has not been in jeopardy, is not a bar to a subsequent prosecution for the same offense.

2.  **JURISDICTION—District Courts—Felonies Committed Prior to Statehood.** The district courts of the state have jurisdiction over felonies committed prior to statehood, and not barred by the statutes of limitations, where the indictment is returned since statehood.

(Syllabus by the Court.)

The petitioner, J. B. Warford, was tried in the district court of Canadian county on an indictment charging him with forgery. He was convicted and sentenced to a term of imprisonment for six months. He has filed application in this court for writ of *habeas corpus*, alleging that he is now illegally imprisoned and restrained of his liberty by the sheriff of Canadian county. Writ denied.

*Gillette, Libby & Gillette,* for petitioner.

*Charles West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for respondent.

OWEN, JUDGE. It appears from the agreed statement of facts and the petition filed in this court that the petitioner was arrested on the 31st day of July, 1907 (which was prior to statehood), on a warrant issued by the probate judge of Canadian county, territory of Oklahoma, charging him with the crime of forgery. After his arrest the defendant was told by the county attorney that if he paid the note alleged to have been forged and the costs of the prosecution the case would be dismissed against him. He paid these sums, and the case was dismissed by the county attorney with the consent of the court. In December, 1907 (which was after statehood), the grand jury of the district court of Canadian county returned an indictment against the defendant, charging him with the crime of forgery, being for the same offense for which he had previously been arrested and the action dismissed.

It is urged on part of the petitioner that his imprisonment is illegal for two reasons: First, the officials of the territory of Oklahoma, having taken cognizance of the offense and discharged the petitioner from custody on the payment of the costs of the prosecution and the reimbursement of the person injured by the forgery, this constituted a bar to further prosecution; second, the offense having been committed prior to statehood, and under the law of the territory of Oklahoma, the state courts could acquire no jurisdiction of the offense.

Section 7050, 7051, and 7052, Snyder's Ann. St. Okla. 1909

(sections 5710, 5711, and 5712, Wilson's Rev. & Ann. St. 1903), are as follows:

"The court may either by its own motion or upon the application of the district attorney, and the furtherance of justice, order an action or indictment to be dismissed; but in that case the reasons of the dismissal must be set forth in the order, which must be entered upon the minutes.

"The entry of a *nolle prosequi* is abolished, and the district attorney cannot discontinue or abandon a prosecution for a public offense, except as provided in the last section.

"An order for the dismissal of the action, as provided in this chapter, is not a bar to any other prosecution for the same offense."

There is no contention made here that this defendant was in jeopardy, and under the plain letter of these sections of the statutes the dismissal was no bar to a further prosecution for the same offense. Certainly the reimbursement of the person injured by the forgery would not be a bar to a further prosecution. His offense was against public society and not against the individual whose name he forged. The agreed statement of facts also discloses that the agreement to dismiss the case was had without the knowledge or notice to the prosecuting witness. But it would be immaterial whether he had such notice. This is not such an offense as could be compromised for a money consideration.

The second proposition has been settled by this court in the case of *Faggard v. State, ante,* p. 159, 104 Pac. 930. We deem it unnecessary to review that case, or to do more than refer to it, together with the authorities there cited.

The writ is denied.

FURMAN, Presiding Judge, and DOYLE, Judge, concur.