## LON WILLIAMS *et al.* v. STATE.

No. A-683. Opinion Filed November 23, 1911.

(118 Pac. 1006.)

1. INDICTMENT AND INFORMATION — Requisites of Information—Necessity of Preliminary Examination or Waiver. Section 17, Bill of Rights, prescribes: "No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination." Held, that under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes a jurisdictional basis for a prosecution on information in the district court. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by the examining magistrate that a felony has been committed, and that there is probable cause to believe that defendant is guilty thereof, that confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant.

2. INDICTMENT AND INFORMATION—Requisites of Information—Indorsements. When a defendant is held and committed for trial upon a preliminary examination, section 6629, Code of Criminal

Procedure, prescribes that: ''The magistrate must in like manner indorse on the information an order signed by him,'' to that effect. In this case a preliminary examination was had, and the defendant held and committed for trial to the district court. This order was entered on the magistrate's docket, but was not indorsed on the information. Held that, even though the examining magistrate failed to indorse his finding and order on the preliminary information, the district court had jurisdiction to order that a proper indorsement be made.

5. INDICTMENT AND INFORMATION—Requisites of Information —Allegation as to Preliminary Examination. The fact that there has been a preliminary examination or a waiver thereof need not be stated or averred in the information, or shown affirmatively by the prosecution. That the defendant did not have a preliminary examination is a fact to be established on a plea in abatement or on a motion to quash; otherwise all essential preliminary proceedings will be presumed.

(Syllabus by the Court.)

*Appeal from District Court, Caddo County; Frank M. Bailey, Judge.*

Lon Williams and another were convicted of grand larceny, and sentenced to imprisonment in the penitentiary for five years, and appeal. Affirmed.

*C. H. Carswell,* for plaintiffs in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were convicted in the district court of Caddo county upon an information filed in said court on September 24, 1909, wherein it was charged that in the county of Caddo on June 20, 1909:

"Lon Williams and William West then and there being did then and there, commit the crime of grand larceny by then and there unlawfully, wilfully and feloniously by fraud and stealth take, steal and carry away the following personal property, to wit, one sorrel mare of the value of $75.00; one dun colored mare of the value of $85.00; one set of harness of the value of $12.00; one buggy of the value of $60.00; one physician's emergency bag of the value of $5.00; one case of physician's instruments of the value of $3.75; one Kelly pad of the value of $6.00; one soap case of the value $.50—all of the value of $241.25 and the property of one M. M. Roland, with the unlawful and felonious intent then and there," etc.

Upon their arraignment the defendants filed a plea in abatement, wherein it is in substance averred that on their preliminary examination had and held before B. F. Holding, judge of the county court on the preliminary information, said judge as such examining magistrate failed to make a finding that the offense charged therein or any other offense triable on indictment had been committed, or that there was sufficient cause to believe that said defendants were guilty of any such offense, and that the examining magistrate failed to indorse his order of commitment on the preliminary information as required by section 6629, Snyder's Stat.

Upon a hearing had on said plea in abatement before the Honorable R. McMillan, then presiding judge, the preliminary information was introduced in evidence. Thereon was the following indorsement:

"It appearing to me that the offense in the within named information has been committed, and that there is sufficient cause to believe the defendants Lon Williams and William West guilty thereof, I order that they be held to answer the same, and that they are admitted to bail in the sum of one thousand dollars each. B. F. Holding, Judge."

It appeared from the uncontradicted testimony of the examining magistrate, the county attorney, the clerk of the district court, and the entries on the docket of the examining magistrate, that on June 22, 1909, the preliminary information was filed and warrant issued thereon, and the defendants arrested and brought before the county court. Their preliminary examination was set for June 30th. At which time an examination was had and held and judgment entered, and the order made that said defendants be held to await trial at the next term of the district court. The indorsement upon the preliminary information was not made at that time; but about three months thereafter it was then made upon an order of the district court to withdraw the transcript and preliminary information for the purpose of making indorsement.

After hearing the evidence, the court overruled said plea. "That the court erred in overruling defendants' plea in abate-

ment," is the only assignment of error presented by this appeal, and it is contended that on the facts in evidence in support of said plea the county attorney was without authority to file the information and the district court did not acquire jurisdiction. In this state a person charged by information with a felony has a constitutional right to a preliminary examination therefor.

Section 17 of the Bill Rights declares:

"No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

Section 6629, Code of Criminal Procedure, provides:

"If, however, it appear from the examination that any public offense triable on indictment has been committed, and that there is sufficient cause to believe the defendant guilty thereof, the magistrate must in like manner indorse on the information an order signed by him to the following effect: It appearing to me that the offense in the within information mentioned (or any other offense, according to the fact, stating generally the nature thereof), has been committed, and that there is sufficient cause to believe that the within named A. B. guilty thereof, I order that he be held to answer the same."

Our Code of Criminal Procedure was adopted from Oklahoma Territory, and prior to statehood all felonies were prosecuted on indictment. This fact explains the word "indictment" as used in said section. There can be no question but that the defendants' constitutional right to a preliminary examination before an examining magistrate was fully accorded in this case. The preliminary information was in substance the same as the information filed by the county attorney in the district court.

Under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution for a felony by information in the district court, and, even though the examining magistrate failed to indorse his finding and order on the preliminary information, the district court had jurisdiction to order that a proper indorsement as prescribed by the statute be made. The

finding and order of the magistrate made upon the preliminary examination and entered on his docket was sufficient to confer jurisdiction on the district court.

It is the fact that there was a preliminary examination or a waiver thereof and a judicial determination thereon by the examining magistrate that a felony has been committed and that there is probable cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information in the district court charging the crime committed according to the facts in evidence on such examination or for the offense charged in the preliminary information when such examination has been waived by the defendant, and such an adjudication is necessary to confer jurisdiction upon the district court. The information alone cannot confer jurisdiction, because, as prescribed by the constitutional provision, it cannot lawfully be filed until after there has been a preliminary examination or a waiver thereof. The determination of the examining magistrate would seem to be no less important and jurisdictional than is the finding of the grand jury upon an indictment.

Since statehood, by virtue of this constitutional provision, which has been held to be self-executing in *Re McNaught,* 1 Okla. Cr. 528, 99 Pac. 241, informations in criminal prosecutions have to a large extent superseded indictments.

The fact that there has been a preliminary examination or a waiver thereof need not be stated or averred in the information, or shown affirmatively by the prosecution. *Canard v.' State,* 2 Okla. Cr. 505, 103 Pac. 737, 139 Am. St. Rep. 949; *Wood v. State,* 3 Okla. Cr. 553, 107 Pac. 937; *Caples v. State,* 3 Okla. Cr. 72, 104 Pac. 493, 26 L. R. A. (N. S.) 1033.

That the defendant did not have a preliminary examination is a fact to be established by the defendant on a plea in abatement or on a motion to quash; otherwise all essential preliminary proceedings will be presumed.

The provisions of our Criminal Code prescribing the procedure on a preliminary examination are practically the same as the California Code.

In the case of *People v. Wallace,* 94 Cal. 497, 29 Pac. 950, it was held that:

"When, as a result of an examination, such an order has in fact been made and entered upon the docket of the justice, it would seem that no further action upon his part is necessary in order to authorize the district attorney to file an information against a defendant for the offense named in the order."

In the case of *People v. Tarbox,* 115 Cal. 57, 46 Pac. 896, the court used the following language:

"Good practice requires that the return of the examining magistrate should be made and filed before the information is filed; but we are not prepared to say that the filing of the information after the examination was had, and the order holding the defendant to answer was in fact made, was more than an irregularity, which would not justify a reversal of the judgment where it does not appear that it affected any substantial right of the defendant."

See, also, *People v. Wilson,* 28 Pac. 1061; *Ex parte Fowler,* 5 Cal. App. 549, 90 Pac. 958.

Section 6629, *supra,* is similar to that of the North Dakota Code. In the case of *State v. Rozum,* 8 N. D. 548, 80 N. W. 477, it was held:

"Where the committing magistrate did not indorse his order of commitment on the complaint, but entered it upon the docket which the law requires the magistrate to keep, and a copy of which must be returned to the district court, held sufficient, as it is the making of the order that gives the district court jurisdiction, and not the place of its entry."

In the case of *People v. Wright,* 89 Mich. 70, 50 N. W. 792, the court used the following language:

"From the return made by the magistrate upon the order of the court in this case it appeared that the respondent, when brought before the magistrate prior to the time the information was filed, had waived his examination; but the justice had failed and neglected to so certify in his return of the proceedings had by and before him to the circuit court. By his return, made under the order of the court, the fact was made to appear that the respondent did waive such examination, and the justice then certified that he had found in the proceedings before him that 'the offense charged in the complaint and warrant has been com-

mitted, and there is just cause to suspect the said Charles T. Wright to have been guilty thereof.' These proceedings had all been had before the justice, and these questions adjudicated, prior to the time of the filing of the information; but the fact of the waiver of the examination had not yet been certified to the circuit court at that time, though all the other proceedings in the case had been so certified and filed in the circuit court. Under these circumstances, the circuit court was not in error, when the further return was exhibited to it that such an adjudication had actually been had by the magistrate prior to the time the information had been tendered, in holding the information good, and refusing to quash it upon the grounds stated by respondent's counsel."

The foregoing authorities fully confirm our conclusion that the failure of an examining magistrate to indorse his findings and order in the first instance on the preliminary information is not jurisdictional, and that, where the proper order has been made and entered and is shown on the transcript transmitted to the district court, that in itself is sufficient to show jurisdiction.

For the reasons stated, we are clearly of opinion that the lower court properly overruled the plea in abatement.

The judgment of the district court of Caddo county is therefore affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.