ORLEY SAYERS v. STATE.

No. A-1802. Opinion Filed October 25, 1913.

(135 Pac. 944.)

1. RAPE—Sufficiency of Evidence. Evidence reviewed, and held sufficient to sustain verdict of guilty of rape in the second degree.

2. INDICTMENT AND INFORMATION—Preliminary Examination—Waiver—Effect. Section 17, Bills of Rights, prescribes: "No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

   Held, that it is the fact that there was a preliminary examination, or waiver thereof, and a judicial determination thereon by the examining magistrate, that a felony has been committed, and that there is probable cause to believe defendant is guilty thereof, that confers jurisdiction on the district court; and where a defendant waives his right to a preliminary examination and it appears that the charge in the preliminary complaint is substantially the same as that charged in the information in the district court, a motion to quash for want of jurisdiction should be overruled.

3. APPEAL—Cure of Judgment. Where, upon appeal from a conviction of the crime of statutory rape, the verdict of the jury was "guilty of rape in the second degree," the fact that the judgment recited that the defendant was guilty of rape in the first degree was not reversible error, since the use of the word "first" was a clerical error, and did not affect the substantial rights of defendant, and the judgment will be modified and corrected by this court so as to conform to the verdict of the jury.

*Appeal from District Court, Lincoln County;*
*Chas. B. Wilson, Jr., Judge.*

Orley Sayers was convicted of rape, and he appeals. Affirmed.

*Hoffman & Foster* and *Rittenhouse & Rittenhouse,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is prosecuted from a conviction had in the district court of Lincoln county upon an information charging the defendant with the crime of rape, alleged to have been committed on one Ivy Pearl Newman, on July 20, 1911. The verdict of the jury, rendered December 20th, omitting formal parts, is as follows:

"We, the jury impaneled and sworn to try the above cause, do upon our oaths find the defendant, Orley Sayers, guilty of rape in the second degree and assess his punishment at imprisonment in the state penitentiary for five years."

Motions for new trial and in arrest of judgment were duly filed, and on the 12th day of March, 1912, the same were overruled, and judgment and sentence entered in accordance with the verdict of the jury.

The testimony of the prosecutrix is to the effect: That she was fourteen years of age on November 7, 1910, and lived with her parents in the town of Agra. On the evening of the day alleged, the defendant came to her home about 8 o'clock p. m. and asked her to go buggy riding, and she and Mary Mehringer, the hired girl, and Roy Scott went with him. They drove out in the country, and defendant told the other two to get out of the buggy, and they did so; defendant drove on with her some distance and stopped, and asked her to allow him to have intercourse with her. That she refused, saying she was nothing but a young schoolgirl. That finally, overcoming her resistance, he succeeded in having sexual intercourse with her.

Roy Scott testified that he was at the home of the prosecutrix when the defendant asked the girls to go out driving,

and they said they would go if witness would go with them. That they all got in the buggy and drove about a mile northeast of town. That the defendant invited him and the other girl to get out of the buggy, and they got out. Defendant said he would be back in a short time and drove on. That he followed the buggy with Riley Sollers, and when they came up to the buggy prosecutrix asked witness to come and protect her. That defendant was trying to take advantage of her, and defendant said, "I had better go on down the road, or he would make it hot for me." That later they returned to town together.

Earl Edgecombe testified that he was going home with Emmet Johnson, and passed prosecutrix and defendant sitting in a buggy; that they went right by without stopping; that he heard somebody crying and pleading; that they went into the cotton field and watched the buggy for about an hour; that they could not hear what was said, but heard a kind of pleading murmur.

The mother of the prosecutrix testified that she was born November 7, 1896.

On behalf of the defendant, Floyd Gibbs testified that he went with Earl Edgecombe and Emmet Johnson to watch a buggy that was standing in the road near his house; that all he heard was a murmuring of voices like an ordinary conversation; that after watching for about 45 minutes he returned home and the buggy was standing there in the road when he left.

Riley Sollers testified that he went with Roy Scott to the buggy standing in the road near the Gibbs farm; that they went there to get defendant and Ivy Newman to go back to town; that they talked with defendant about five minutes, and then returned, and shortly afterwards the defendant and Ivy Newman overtook them.

· The defendant, as a witness in his own behalf, testified that he had lived in Lincoln county all his life. The remainder of his testimony is as follows:

"Q. Did you, on the night of the 20th of July, 1911, or at any other time in Lincoln county, take Ivy Pearl Newman out on the section line by Gibbs' house and forciby, or in any other manner, have sexual intercourse with her? A. I taken the girl out on the section line, but I did not have any intercourse. Q. Had you ever been with the girl before? A. No, sir."

One of the reasons assigned for a new trial is the insufficiency of the evidence to sustain the verdict.

The foregoing review of the facts suffices to show that the case was one for the jury. This court has always acted with great caution in granting new trials upon the ground that the verdict is contrary to the evidence, and it is only in a case where the evidence is plainly insufficient to warrant the verdict that this court will interfere.

The overruling of defendant's motion to quash the information is assigned as error. The only reason urged in argument in support of the motion to quash is that there was no proper order holding defendant to the district court. The transcript of the proceedings before the examining magistrate shows that the preliminary complaint charges the same crime as charged in the information in substantially the same language, and that defendant waived his preliminary examination, and thereupon it was ordered that said defendant be held to the district court in and for said county and state upon the crime charged.

It was settled by this court in *Wines v. State,* 7 Okla. Cr. 450, 124 Pac. 466, that if on being brought before the examining magistrate the defendant waives his right to a preliminary examination, and it appears that the charge in the preliminary complaint is substantially the same as that charged in the information filed by the county attorney in the district court, a plea of want of a preliminary examination is unavailing. And see *Williams v. State,* 6 Okla. Cr. 373, 118 Pac. 1006.

The judgment contains the following recital:

"It is now the judgment and sentence of the court on that verdict that you are guilty as charged in the information of the charge of rape in the first degree."

Counsel contend, "in view of the fact that the judgment itself recites that the verdict of the jury was for rape in the

second degree, that the cause must be remanded for judgment."
Obviously the use of the words "first degree," instead of the
words "second degree," was a clerical mistake. Our Procedure
Criminal provides (section 6005, Rev. Laws 1910):

"No judgment shall be set aside or new trial granted by
an appellate court of this state in any case, civil or criminal, on
the ground of misdirection of the jury or the improper admis-
sion or rejection of evidence, or as to error in any matter of
pleading or procedure, unless, in the opinion of the court to
which application is made, after an examination of the entire
record, it appears that the error complained of has probably
resulted in a miscarriage of justice, or constitutes a substantial
violation of a constitutional or statutory right."

This clerical mistake in using the word "first" instead of
"second" could not in any way affect the substantial rights of
defendant. Our Procedure Criminal provides (section 5960,
Rev. Laws 1910):

"When judgment upon a conviction is rendered, the clerk
must enter the same upon the minutes, stating briefly the offense
for which the conviction has been had, and must immediately
annex together and file the following papers, which constitute
a record of the action. First. The indictment and a copy of
the minutes of the plea or demurrer. Second. A copy of the
minutes of the trial. Third. The charges given or refused, and
the indorsements, if any, thereon; and, Fourth. A copy of the
judgment."

The information, plea, minutes of the trial, verdict, charge
of the court, and the judgment, taken together, furnish defend-
ant complete protection against another prosecution for the same
offense. And while this mistake does not affect any of the sub-
stantial rights of defendant, under the power granted to this
court by section 6003, Rev. Laws 1910, which provides:

"The appellate court may reverse, affirm or modify the judg-
ment appealed from, and may, if necessary or proper, order a
new trial"

—the judgment in this case will be modified and corrected by
striking out the word "first," as above quoted, and substituting
the word "second," making the last two words of the recital
quoted read, "second degree." The charge of the court was as
favorable to the defendant as he had a right to expect, or de-

mand, and fairly presented the law of the case to the jury.

After a careful examination of the various questions raised, we are satisfied that under well-settled rules sustained and·upheld by the decisions of this court, no prejudicial error was committed.

The judgment of the district court of Lincoln county, as modified and corrected, is hereby affirmed.

ARMSTRONG, P. J., concurs.  FURMAN, J., absent and not participating.