### Ex parte JOHN LITTLE et al.

No. A-4637.   Opinion Filed May 1, 1923.

(214 Pac. 932.)

(Syllabus.)

1. **Habeas Corpus—Accused in Felony Case not Entitled to Discharge Before Preliminary Trial for Unconstitutionality of Statute.** A defendant in a felony prosecution, pending before an examining magistrate, is not entitled to a discharge on habeas corpus before the preliminary trial, on the ground that the complaint is based upon an unconstitutional statute.

2. **Habeas Corpus—Writ Denied Where Facts in Petition Do not Warrant Discharge.** Where the facts stated in the petition for writ of habeas corpus, if established, will not warrant a discharge of the petitioner, the writ will be denied.

Habeas corpus by John Little and another for release from custody. Writ denied and cause dismissed.

Bert Van Leuven, for petitioners.

George F. Short, Atty. Gen., and M. W. McKenzie, Asst. Atty. Gen., for respondent.

DOYLE, J.  This is an application to this court for a writ of habeas corpus, alleging that petitioners are now being unlawfully imprisoned in the county jail of Nowata county, by the sheriff of said county; that said imprisonment, detention, and confinement are illegal, in that on the 28th day of March, 1923, they were by complaint filed by the county attorney of said county, before W. H. Thompson, county judge of said county, charged with the crime of "unlawful possession of mash and a still worm with the intention to manufacture intoxicating liquors," said alleged crime being based on the act of February 5, 1923, entitled "An act relating to stills, distillers mash, wort, wash fit for distillation or for the manufacture of beer, wine, distilled spirits or other alcoholic liquor and fixing the penalty for the violation thereof"; that said act is unconstitutional and void; and setting forth a copy of said complaint.

The Attorney General has filed a demurrer to the petition on the ground that the same fails to state facts sufficient to entitle petitioners to the relief prayed for, in that said petition shows upon its face that the petitioners have been duly charged with a felony before the county judge of Nowata county, as examining magistrate, and the certificate of the attorney for applicants shows that the examination of this alleged offense has been continued until the 12th day of May, 1923.

"The Attorney General therefore suggests to the court that from the petition presented to this court it is not possible to determine whether these petitioners have been held for an offense, in that no examination has been made into the merits of the complaint filed with the county judge.

"In view of the fact that an examination may prove that these defendants committed some other crime, or did not commit the crime alleged to have been committed, the Attorney General moves the court to dismiss the petition for the reason

that the same fails to state facts sufficient to entitle petitioners to any relief at this time."

In our opinion the motion to dismiss is well taken and should be sustained. The uniform holding of this court is that where a preliminary examination is not waived, and evidence is taken, the county attorney is authorized to file an information in the trial court charging the crime according to the facts in evidence at the preliminary examination. Williams v. State, 6 Okla. Cr. 373, 118 Pac. 1006; Little v. State, 21 Okla. Cr. 1, 204 Pac. 305; Powell v. State, 21 Okla. Cr. 332, 207 Pac. 570.

In Muldrow v. State, 16 Okla. Cr. 549, 185 Pac. 332, it is said:

"Under the constitutional provision, the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution for a felony by information. It is the fact that there was a preliminary examination, or a waiver thereof, and a judicial determination thereon by an examining magistrate that the particular offense charged has been committed, or that a felony other than that charged, as shown by the testimony upon the examination has been committed, and stating generally the nature thereof, and that there is sufficient cause to believe the defendant guilty thereof, that authorizes the county attorney to file an information in the district court charging the offense named in the preliminary complaint, when examination has been waived, or charging the offense according to the facts in evidence on the examination for which the defendant was held to answer."

It follows that a defendant in a felony case pending before an examining magistrate is not entitled to a discharge on habeas corpus before the preliminary trial upon the ground that the complaint is based upon an unconstitutional statute.

Where the facts stated in the petition for writ of habeas corpus, if established, will not warrant a discharge of the petitioner, the writ will be denied.

For the reasons stated, the demurrer to the petition and motion to dismiss should be sustained. The cause is therefore dismissed.

MATSON, P. J., and BESSEY, J., concur.