## LEONARD ABLES v. STATE.

No. A-5254.   Opinion Filed June 30, 1926.
(247 Pac. 423.)

J. R. McClendon, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of the district court of Marshall county, rendered on the verdict of a jury finding Leonard Ables guilty of burglary in the second degree, and fixing his punishment at imprisonment in the penitentiary for a term of two years.

The only errors assigned are in substance as follows: That the court was without jurisdiction to render said judgment in that defendant was denied rights guaranteed by the Constitution, and that the court erred in not granting a new trial.

The information charged that in said county, April 1, 1922, said defendant, Leonard Ables, acting con-

jointly with Will Clemmons, Otis Sharp, and Buster Simmons, did burglariously and feloniously break and enter Bridges & Fondren's store building in the city of Madill, with intent to take, steal, and carry away 23 sacks of flour, of the value of $35.

It appears that the original complaint was filed before J. R. Hearn, justice of the peace, charging this defendant and three others, Will Clemmons, Otis Sharp, and Buster Simmons, with the commission of this burglary. For some reason best known to himself, the justice of the peace gave the complaint four separate case numbers on his docket, one case number for each of said defendants. It appears that the defendant Leonard Ables, on April 5, 1922, waived preliminary examination, and was held to answer said charge by said examining magistrate. It appears that the original complaint upon which these four defendants were arrested was filed in the district court with the case assigned to the defendant Clemmons, so that the justice of the peace had no complaint on file with his transcript of the case assigned to this defendant, which he filed in the district court showing that the defendant Ables had waived preliminary examination.

Upon arraignment, this defendant filed a motion to quash and set aside the first amended information, for the reason that the court had no jurisdiction to hear and determine the cause, in that there was no proper transcipt on file showing that this defendant had a preliminary trial, or that he had waived such trial, which motion was overruled.

The trial of the case resulted in a conviction. Motion for new trial was duly filed February 5, 1923, which motion was sustained. Just why the trial court granted this defendant a new trial does not appear from the record.

On December 19, 1923, the case was called for trial, and the defendant filed a motion to quash and set aside the information on the ground "that, on the granting of a new trial, the court thereby sustained the defendant's demurrer to the information, and the court did not make an order directing that a new information be filed, as provided by section 2612, C. S. 1921. Therefore, the judgment of the court therein became final, and the defendant is entitled to be discharged; that the certified copy of the complaint, filed before J. R. Hearn, justice of the peace, certified to by the court clerk of this county, and filed in this case, is null and void, and gives this court no jurisdiction; that the purported transcript of the justice of the peace in case of State v. Leonard Ables filed herein never had, and has not, any purported criminal complaint attached thereto," which motion was overruled and exception taken.

The new trial resulted in a second conviction. Motion for new trial was duly filed and overruled and judgment pronounced as above stated.

To sustain the motion to quash and set aside the information, the defendant introduced the court clerk, who testified, and produced the examining magistrate's transcript of the proceedings, duly certified, showing that this defendant waived preliminary examination, and the original complaint was filed by him in the Clemmons Case, and a duly certified copy of the same attached to the transcript upon which the information in this case was based; also the appearance bond given by this defendant in the sum of $2,000.

In Williams v. State, 6 Okla. Cr. 373, 118 P. 1006, it is said:

"Under the constitutional provision the precedent fact that a preliminary examination has been had or

waived constitutes the jurisdictional basis for a prosecution for a felony by information in the district court, and, even though the examining magistrate failed to indorse his finding and order on the preliminary information, the district court had jurisdiction to order that a proper indorsement as prescribed by the statute be made. The finding and order of the magistrate made upon the preliminary examination and entered on his docket was sufficient to confer jurisdiction on the district court."

To the same effect is Tucker v. State, 9 Okla. Cr. 587, 132 P. 825; Sayers v. State, 10 Okla. Cr. 195, 135 P. 944; Norwood v. State, 4 Okla. Cr. 637, 169 P. 656; Bradshaw v. State, 16 Okla. Cr. 624, 185 P. 1102; Lowrance v. State, 33 Okla. Cr. 71, 242 P. 862.

It is also urged that the second amended information was filed after the new trial was granted without leave of court.

Section 2512, C. S. 1921, Procedure Criminal, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant."

We think it is apparent from the record that the second amended information was filed by leave of court.

It must be taken as settled in this state the rule that error must affirmatively appear from the record; it is never presumed. Every presumption favors the regularity of the proceedings had upon the trial. The plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the trial court will be affirmed. Killough v. State, 6 Okla. Cr. 311, 118 P. 620; Chappelear v. State, 10 Okla. Cr. 392, 136 P. 978.

After a careful examination of the record, we are satisfied that under well-settled rules, sustained and upheld by decisions of this court, the motion to quash and set aside the information was properly overruled.

The only other question argued by counsel for the defendant is the alleged misconduct of the juror Winberry, who, it appears, is a brother-in-law of Jim Smith, who was a witness for the state in rebuttal. It appears that the jury was permitted to separate during the progress of the trial, and before the final submission of the cause. Winberry, called as a witness, testified that he stayed one night, possibly two, at Jim Smith's home. That is all the showing. Nothing was done to influence the action of this juror, and he talked with no one about the case. The rule is well settled that the burden is on the defendant to show prejudice from any separation of the jury before final submission.

No other reason for reversing the judgment being urged, and no substantial error appearing in the record, the judgment of the court below is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.