MANNING v. STATE ex rel. WILLIAMS, County Atty.

No. 30384.    Jan. 20, 1942.

Rehearing Denied Feb. 17, 1942.

*122 P. 2d 987.*

Hatcher & Bond, of Chickasha, for plaintiff in error.

T. H. Williams, Jr., County Atty., of Chickasha, for defendant in error.

CORN, V. C. J.    This is an appeal from a judgment rendered by the district court of Grady county, in an action brought to recover on a forfeited appearance bond upon which defendant was a surety.

The principal, Oscar Mills, together with Dwight Newlin and Fred Abercrombie, were charged with second-degree burglary in a complaint filed before a justice of the peace on March 3, 1939. Preliminary hearing was set for April 4, 1939, and bond was set at $1,000, in default of which each was committed to jail.

March 13, 1939, defendant's principal executed a bond in the justice of the peace court for principal's appearance in the justice court for his preliminary, and he was released from jail. The principal, as is disclosed by the records of the justice of the peace, appeared and waived preliminary hearing.

April 3, 1939, Oscar Mills, together with the defendant and C. E. Mills, appeared at the district court clerk's office to execute a bond for his appearance in the district court to answer the charge against him, in order that principal might remain out of jail. The

court clerk informed the parties there was no charge on file against the principal, whereupon they informed the court clerk the principal had waived his preliminary hearing and that the transcript in the matter would be filed soon. This bond was then executed with the understanding that the transcript would be filed at once, and if the bond needed anything further the parties would make another bond.

For various reasons the preliminary of the other two defendants was continued from time to time, and the transcript from the justice of the peace was not certified to the district court and filed therein until May 4, 1939, after which the information was filed. May 19, 1939, defendant appeared before the court clerk, and at that time signed another bond in the case, informing the court clerk that he would have the principal come in and sign this bond, which principal never did.

Oscar Mills failed to appear before the district court on October 2, 1939, as required by the terms of his bond, and further failed to appear on October 27, 1939, the day of the trial. On January 11, 1940, the district court ordered his sureties to produce him on January 15, 1940. This they failed to do, wholly making default on the bond. Having failed to produce the principal, the district court thereupon ordered the bond forfeited, and directed the county attorney to file suit. This the county attorney did on January 27, 1940.

Upon trial of the matter the district court ordered a judgment against the sureties for the amount of the bond, and ordered execution to issue.

Defendant's first contention is that the court clerk did not have jurisdiction to accept and approve the bond of April 3, 1939, for the reason that on that date there was no information on file against Oscar Mills.

It is to be noted that three bonds are mentioned in connection with this appeal. The first was the bond filed in the justice of the peace court on March 13, 1939, under which Mills secured his release from jail pending preliminary hearing. The third bond, this being the bond executed May 19, 1939, was never completed.

It is defendant's theory that, since no information was on file at the time this bond was made, all proceedings in relation to Mills in the district court were void. With this contention we cannot agree.

In Lary v. State, 50 Okla. Cr. 111, 296 P. 512, it is said:

"It has several times been held by this court that the fact that a preliminary examination has been had or waived constitutes a jurisdictional basis for prosecution of a felony by information. Tucker v. State, 9 Okla. Cr. 587, 132 P. 825; Muldrow v. State, 16 Okla. Cr. 549, 185 P. 332. In some of the cases it is indicated that it is necessary that a transcript of the magistrate finding probable cause be filed with the court clerk to give the court jurisdiction to try an accused on an information for the crime for which he was held by the magistrate. Lowrance v. State, 33 Okla. Cr. 71, 242 P. 862. See, also, Little v. State, 21 Okla. Cr. 1, 204 P. 305. Where an examining trial is held before a magistrate and the accused is held for the action of the district court, if he make objection by motion to quash in apt time, the district court is without jurisdiction to try him until a transcript from the magistrate is filed. Section 2509, Comp. Stat. 1921, supra. The mere fact that the information is filed before the transcript is received will not deprive the court of jurisdiction if the order of commitment has been in fact made and entered by the magistrate and the transcript then is filed, for, certainly, jurisdiction would attach and authorize a continuation of the prosecution upon the information from the time the transcript required by section 2509, Comp. Stat. 1921, supra, is filed."

In Williams et al. v. State, 6 Okla. Cr. 373, 118 P. 1106, paragraph 1 of the syllabus states:

"Section 17, Bill of Rights, prescribes: 'No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination.'

Held, that under the constitutional provision the precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for a prosecution on information in the district court. It is the fact that there was a preliminary examination or a waiver thereof, and a judicial determination thereon by an examining magistrate that a felony has been committed, and that there is probable cause to believe that defendant is guilty thereof, confers jurisdiction on the district court and authorizes the county attorney to file an information in said court charging the crime committed according to the facts in evidence on such examination; or for the offense charged in the preliminary information when such examination has been waived by the defendant."

It is clear that the transcript of the justice of the peace was filed in the district court before the information in support of the charge against Mills was filed. The fact that it was not filed when he appeared to make bond is explained by reason of the fact that no transcript could be completed conveniently until after the hearings were held as to his codefendants, and their hearing was not held until April 25, 1939. The record does show that immediately after the justice did complete his transcript in the matter same was certified to the district court.

In view of the record, and the facts and circumstances therein revealed which provided the basis for the execution of the bond sued upon, we are of the opinion the bond in question is valid and enforceable, even though the actual transcript of the entire proceedings was not filed in the district court until after the preliminary was completed as to the other parties jointly charged with Oscar Mills.

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. DAVISON, J., absent.