COON et al. v. STATE.

No. 31345. Jan. 25, 1944.

Rehearing Denied Feb. 15, 1944.

*145 P. 2d 760.*

Blosser & Vincent, of Cheyenne, for plaintiff in error.

Leroy Vick, County Atty., of Cheyenne, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Roger Mills county overruling the motion of defendants to vacate and set aside its order forfeiting appearance bond and from a judgment of the court forfeiting the appearance bond. The plaintiffs in error will be referred to as defendants.

The record shows that on January 10, 1942, a preliminary complaint was filed in the justice court of Ross Conrad, charging W. Preston Cook with the crime of perjury. A warrant was issued and Cook was arrested on January 11, 1942, and brought before justice of the peace Ross Conrad. On the same day and prior to any preliminary hearing had or waived, the justice of the peace approved an appearance bond, signed by W. Preston Cook and defendants, R. D. Coon, H. A. Carl and H. Seago, sureties, which bound Cook to appear before the district court of Roger Mills county on March 2, 1942, to answer a charge preferred against him in said court for the crime of perjury.

On the same day, March 2, 1942, that Cook was bound by the bond to appear in the district court, the cause was continued in the justice court by agreement, and on August 11, 1942, Cook appeared by attorney in the justice court and waived preliminary hearing, and the court made an order binding Cook over to the district court and ordered that his same bond continue over to the district court.

The transcript of the justice of the peace was filed in the district court August 26, 1942, and on the same day the county attorney filed an information in that court charging Cook with the crime of perjury.

On September 14, 1942, the case was called in the district court for arraignment and Cook failed to appear, and the court entered an order forfeiting said appearnce bond. On the same day the bond was declared forfeited, the sureties, by their attorney, filed their application to vacate and set aside the order forfeiting the appearance bond. On December 30, 1942, and during the same court term in which the forfeiture was taken, the court entered its order denying the motion to set aside the forfeiture order. The sureties on the appearance bond bring this appeal.

The assignments of error are grouped and considered under two propositions. It is first contended that: The justice of the peace did not have jurisdiction to require, accept, or approve an appearance bond binding Cook to appear and answer a charge of perjury in the district court before a preliminary hearing had been had or waived in justice court; therefore, the district court had no jurisdiction to forfeit said appearance bond; consequently, the order forfeiting said bond is void.

Under the provisions of 22 O. S. 1941 §§ 253-268, when Cook, the accused, was brought before the magistrate, it was the duty of the magistrate to inform him of his right to waive examination before any further proceedings were had. If the accused was not ready at that time to announce his intention to waive or not to waive examination, the magistrate should have committed the accused for further hearing for examination or waiver of same, or discharge him from custody upon sufficient bail, or upon deposit of money as the

law provides as security for his appearance at the time set for further hearing before the justice of the peace.

In the instant case it seems that no information was given the accused and no announcement on his part to have or waive examination, but an appearance bond was signed by the accused and his sureties binding the accused to appear in the district court on March 2, 1942, at 9:00 o'clock a. m. and from term to term and from day to day to answer to a charge preferred against him for the offense of perjury. No bond was given for his appearance before the justice court for further hearing.

It is contended on the part of the state that the bond given by the accused was in reality a bond for the appearance of the accused before the justice of the peace. This is not an unreasonable contention, since on the date the accused was to appear before the district court the cause was continued in the justice court and appearance later made in the justice court for the accused by attorney and preliminary hearing waived. So let it be conceded that the bond given was for the appearance of the accused before the justice court. When the accused waived preliminary examination, it was the duty of the justice of the peace to require him to give bond for his appearance in the district court. When a certified transcript of the record of the proceedings in the justice court attached to the complaint is filed in the office of the court clerk, it invests the district court with jurisdiction to try the accused on the information for the crime with which he was accused before the examining justice of the peace. Lowrance v. State, 33 Okla. Cr. 71, 242 P. 862.

The defendants further contend that: If the appearance be regarded as binding Cook to appear for preliminary hearing in the justice court, then the condition of the bond was fulfilled when he appeared and waived preliminary hearing, and the justice of the peace could not change or enlarge the liability of the sureties without their

knowledge or consent, by making an order requiring them to remain liable for his appearance in the district court.

The authority to take bonds for appearance is provided by statute, and unless the statute confers such power, such power does not exist, and a bond taken without authority is void and confers no rights and justifies no penalties or forfeitures. Territory v. Woodring, 15 Okla. 203, 82 P. 572, and authorities cited. The bond given was a contract between the State of Oklahoma, the accused and his sureties and bound the accused to appear for preliminary hearing in the justice court. When the appearance was made and preliminary examination was waived, the conditions of the bond were satisfied. The justice of the peace was without authority to extend the liability without knowledge or consent of the sureties, by an order requiring them on the same bond to have their principal appear before the district court, from term to term and from day to day. Furthermore, the time for appearance named in the bond had long since passed. The question herein presented was neither raised nor decided in the recent case of State v. Wright, 192 Okla. 493, 143 P. 2d 801.

While it is the duty of sureties on appearance bonds to keep in touch with the court proceedings and see that no forfeiture is taken on bonds of their principal, a forfeiture results in a financial loss to such sureties and ordinarily without any remuneration to them, and they may assert any rights under the law resulting from the failure of the officers to perform their full duty in such proceedings. It would be but a reasonable supposition that neither the accused nor his sureties had any actual knowledge that the cause would be called in the district court for arraignment on September 14, 1942.

This court is of the opinion that the order of the trial court declaring forfeiture on the bond filed in the district court on January 11, 1942, was a nullity and without jurisdiction to bind either the accused, W. Preston Cook, or the

sureties named in the bond. We therefore hold that the trial court committed error in making such finding and in overruling the motion to vacate and set aside the order so made.

The cause is remanded to the trial court for further proceedings.

GIBSON, V. C. J., and BAYLESS, WELCH, and ARNOLD, JJ., concur. RILEY and HURST, JJ., dissent. CORN, V. C. J., and DAVISON, J., absent.

---

RILEY, J. (dissenting). The bond which the sureties voluntarily signed and by virtue of which the defendant in the original case was released from custody recited that the charge preferred against the defendant was for the offense of perjury. Davis v. State, 112 Okla. 298, 240 P. 1069. The terms and conditions of the bond were that defendant was bound to answer to the district court. This he failed to do. In Manning v. State ex rel. Williams, 190 Okla. 427, 122 P. 2d 987, this court held a surety in such a case was liable on a bond taken before preliminary hearing.

It is thought the bond was a valid instrument (Pacific Indemnity Co. v. Superior Court, etc., 102 Cal. App. 566, 283 P. 345; 6 C. J. 995; 8 C. J. S. 195) and that by forfeiture adjudicated, liability ensues.