STATE of Oklahoma, ex rel. Harry D. Pitchford, County Atty., Okmulgee County, State of Oklahoma, Petitioner,

v.

The DISTRICT COURT OF the 24TH JUDICIAL DISTRICT of the State of Oklahoma, and The Honorable Jess I. Miracle, District Judge, Respondent.

No. A–12596.

Criminal Court of Appeals of Oklahoma.

April 2, 1958.

Harry D. Pitchford, County Atty., Okmulgee County, Okmulgee, petitioner, pro se.

Edgar R. Boatman, Okmulgee, for respondent.

POWELL, Judge.

Herein the county attorney of Okmulgee County, Harry D. Pitchford, petitions this court to take original jurisdiction and issue a writ of prohibition ordering and directing the district court of the twenty-fourth judicial district, and the Hon. Jess I. Miracle, Judge thereof, to vacate and set aside an order made and entered on March 11, 1958 in case No. 4650, wherein the State of Oklahoma is plaintiff, and Hollis Holleman is defendant, and wherein the county attorney had sought by motion to transfer the cause back to the Superior Court of Okmulgee County, and where such motion was denied, and overruled, but where the court in addition to such action, further ordered:

*"And the county attorney is hereby ordered to file an information against said defendant on or before the 17th day of March, 1958, so that said cause may be set for hearing during the present term of the district court, and upon failure of the State of Oklahoma to file an information in said court on or before the 17th day of March, 1958, that said cause will be dismissed."* (Emphasis supplied.)

The petition was filed herein on March 14, 1958, and on the same day on alternative writ of prohibition was entered and the respondent was ordered and directed to refrain from the enforcement of the order complained of until the further order of this court, and hearing was subsequently had on such petition on March 18, 1958.

The substance of the complaint, and not denied by the respondent, is that on February 24, 1958 the county attorney of Okmulgee County filed a complaint against one Hollis Holleman in the court of H. D. Reed, justice of the peace, charging Holleman with first degree manslaughter; that on March 6, 1958 a preliminary examination was held and defendant was bound over to await the action of the next term of the superior court of Okmulgee County, and admitted to bail; that on the same day, March 6, 1958, and prior to the filing by the justice of the peace of the transcript of said preliminary hearing in the superior court and prior to the filing of an information therein, the superior court set the motion to transfer down for immediate hearing, and transferred said cause to the district court of Okmulgee County; that a trial docket for the January, 1958 term of district court had al-

ready been set and was to commence on March 24, 1958, and dockets had been made up and distributed.

On March 10, 1958 the State of Oklahoma filed its motion in the district court to transfer said cause back to the superior court, alleging, among other things, the matters hereinbefore recited, and on the next day, March 11, 1958, the Hon. Jess I. Miracle, judge of the twenty-fourth judicial district, heard the motion and, over the objections of the State, made and entered the order herein complained of.

Petitioner urges that the action of the district court in the matter of ordering the filing of an information within six days from said hearing, and on or before March 17, 1958, in the district court on penalty of having the action dismissed by the court on March 17, 1958 if said order not complied with, constitutes an excessive and unauthorized application of judicial force and the assumption of excessive judicial power not granted by law.

It is argued that if the State were forced and compelled to file an information within the time directed, and forced to trial at the present term of court, a great injustice would be done the State and that it has no adequate remedy at law other than by prohibition.

At hearing it was argued by the State that it had information that witnesses other than those it was able to produce at the preliminary hearing were present when the "bar room brawl" occurred which resulted in the defendant being charged with first degree manslaughter, and that the State was making every possible effort to locate and contact such witnesses; that it could prove as advantageous to the defendant as to the State to be allowed to make a complete and thorough examination of all the facts which the law affords.

Counsel for the defendant on the other hand asserts that 22 O.S.1951 § 13, and Art. II, § 20 of the Oklahoma Constitution, guarantees to defendant the right to a speedy trial; that a certified transcript of the magistrate's record was actually attached to the preliminary complaint and filed in the district court, and that such vested the court with jurisdiction, citing Coon v. State, 193 Okl. 594, 145 P.2d 760; Lowrance v. State, 33 Okl.Cr. 71, 242 P. 862; and Looper v. State, 42 Okl.Cr. 341, 276 P. 503; and that the court had the power in furtherance of justice on its own motion to dismiss the action, citing 22 O.S. 1951 § 815. Further, that no grounds are set out entitling petitioner to a writ of prohibition.

In the early case of Ex parte Anderson, 33 Okl. 216, 124 P. 980, 981, Mr. Justice Williams, speaking for the supreme court, said:

"The Criminal Court of Appeals in certain cases has jurisdiction in prohibition, mandamus, and habeas corpus proceedings." (Citing a long line of early cases.)

See Corley v. Adair County Court, 10 Okl.Cr. 104, 134 P. 835, where Furman, Judge, said:

"Upon a proper showing the Criminal Court of Appeals has the right and power to issue a writ of prohibition in a criminal case."

And see Bennett v. District Court of Tulsa County, 81 Okl.Cr. 351, 162 P.2d 561; State ex rel. Cobb v. Mills, 82 Okl. Cr. 155, 163 P.2d 558, 167 P.2d 669.

As to the circumstances justifying the issuance of a writ of prohibition, this court said in Hughes v. James, 86 Okl.Cr. 231, 190 P.2d 824, 827:

"The prerogative Writ of Prohibition should be issued with caution, and only in cases of necessity, and not in doubtful cases."

The principle is stated in 73 C.J.S. Prohibition § 5, p. 18, in this language:

"The grant of a writ of prohibition is ordinarily within the sound discretion of the court to be exercised with caution and forbearance, according to the circumstances of the particular case, and only where the right to such relief is clear."

Obviously, the nature and circumstances of each particular case must govern.

 In State ex rel. Burford v. Sullivan, 86 Okl.Cr. 364, 193 P.2d 594, 596, we said, paragraphs 2 and 3 of the syllabus:

"The remedy under writ of prohibition is limited to cases where act sought to be prohibited is of a judicial nature, in absence of constitutional or valid statutory provisions to the contrary, and is directed against the encroachment of jurisdiction by inferior courts, for the purpose of keeping such courts within the bounds prescribed for them by law.

"Prohibition is proper remedy where an inferior tribunal presumes to exercise judicial power not granted by law, or is attempting to make an unauthorized application of judicial force, and the writ will not be withheld under such conditions because other concurrent remedies exist where it does not appear that such remedies are equally adequate and convenient."

The principle set out in paragraph two above has been approved and applied by the supreme court of Oklahoma in Harris Foundation, Inc., v. District Court of Pottawatomie County, 196 Okl. 222, 163 P.2d 976, 162 A.L.R. 272.

Considering the merits of the petition before us, while we think the procedure of the superior court in issuing an order transferring the case to the district court of Okmulgee County prior to the filing by the examining magistrate of a transcript of the preliminary hearing in the superior court was hasty and irregular, the State sought affirmative relief in the district court in seeking a transfer back to the superior court, and the district court in its discretion refused to re-transfer the case. We give no attention to this feature of the case, but the vital matter for consideration is the last part of the order by the district court that we have already quoted, and in effect requiring the filing of an information in the district court by

an almost instanter date on the threat that otherwise there would be an order forthcoming dismissing the case.

With the above legal principles for guidance, we proceed to determine whether the facts peculiar to the within case justify application.

First, in a felony case, as here, what jurisdiction was conferred upon the district court by the filing in the court of the transcript of the preliminary hearing held in the justice of the peace court?

Undoubtedly jurisdiction of some sort was conferred, but jurisdiction to try the defendant on the felony charged in the preliminary information was not conferred, as such jurisdiction is conferred only after the filing of an indictment or information. 22 O.S.1951 § 301. The case of Coon v. State, supra, from the supreme court and cited by the defendant, does not purport to hold to the contrary.

 The only jurisdiction that we discover, and specifically conferred by statute, is to dismiss the prosecution, if an indictment or information is not filed against the defendant at the next term of court at which he is held to answer, where good cause not shown to the contrary. 22 O.S. 1951 § 811. This section of the statute was enacted to enforce Okl.Const., Art. II, § 20, which guarantees speedy and public trial. Petitti v. State, 11 Okl.Cr. 234, 145 P. 305.

 We know of no other jurisdiction prior to the filing of an information. The precedent fact that a preliminary examination has been had or waived constitutes the jurisdictional basis for the filing of an information in the district court and prosecution of the crime charged. And after an information has been filed, the district court acquires jurisdiction for all purposes, even to require an examining magistrate to correct the transcript to speak the truth and show by endorsement that a preliminary examination had actually been had or waived. Williams v. State, 6 Okl.Cr. 373, 118 P. 1006; Lowrance v. State, supra, and Looper v. State, supra. The question

of fact concerning the violation of constitutional rights and defects in the matter of preliminary examination, should be raised when arraigned upon the information. Tucker v. State, 9 Okl.Cr. 587, 590, 132 P. 825.

The argument that the constitutional rights of the defendant to be accorded a speedy trial would be violated if the State was not required to file an information in the within case forthwith, as ordered by the court, is without basis. Such question has long been settled. For instance, if the county attorney in the within case should file an information prior to the first Monday in July, 1958, and the case was not tried prior to the first Monday in January, 1959, the court would be required to order the prosecution dismissed unless good cause to the contrary be shown. See Ex parte Williams, 31 Okl.Cr. 156, 237 P. 626; Eubanks v. Cole, 4 Okl.Cr. 25, 109 P. 736; Ex parte Menner, 35 Okl.Cr. 252, 250 P. 541; Application of Hayes, Okl.Cr., 301 P.2d 701, and cases cited. And the next term of court means next ensuing term and not special term held for special cases. Eubanks v. Cole, supra, and Stroud v. State, 57 Okl.Cr. 273, 47 P.2d 883. But once the information has been filed and with the witnesses endorsed, it is to be assumed that the State has sufficient evidence to make out a case against the accused, and in the orderly course of events the trial court will with the minimum of delay place the case on an early trial docket for jury trial, unless a jury be waived. The county attorney has made the serious decision, after careful investigation and examination of witnesses and the law, and there is no reason for delay unless there are other cases that must take precedence, and the court would surely require the showing of good cause before any delay would be granted.

Conceivably, the county attorney, investigating a case might be convinced of the guilt of an accused, and discover evidence sufficient to show probable cause and to have the accused bound over at preliminary examination, but due to dispersal of witnesses or other good cause, be delayed in obtaining the best evidence that time and effort should make available, and for such reason there would be delay in filing an information in the district court. And the investigation might continue during the time within which a mandatory dismissal would not be available to the accused. If such evidence was not available the county attorney could be expected on his own initiative to move for the dismissal of the case. However, that might be, whether the case was eventually dismissed on motion of the county attorney or by action of the court due to passage of time, as heretofore discussed, it has been held that where an accused had not been in jeopardy, a dismissal of the prosecution under 22 O.S.1951 § 815, is not a bar to a subsequent prosecution for the same offense under 22 O.S.1951 § 817. Ex parte Warford, 3 Okl.Cr. 381, 106 P. 559; Ex parte Warrenburg, 63 Okl.Cr. 125, 73 P.2d 476.

■ The initiative in the prosecution of crime rests with the county attorney. It is well settled that no original prosecution can be instituted in a court of record in this State except by presentment of indictment by a grand jury, or by an information exhibited by the county attorney, or some other officer thereto authorized by law. Evans v. Willis, 22 Okl. 310, 97 P. 1047, 19 L.R.A.,N.S., 1050.

We have not been cited any case with facts as in the within case, but there are a number of cases that are analogous. The Supreme Court of Oklahoma in the late case of Best v. Evans, Okl., 297 P.2d 379, held in effect that district courts and judges will not be prohibited from requesting that a crime or supposed crime be prosecuted, unless such request is accompanied by an application of judicial force. Cited in support of the proposition were the cases from this court of Perry v. State, 84 Okl.Cr. 211, 181 P.2d 280; McGarrah v. State, 10 Okl.Cr. 21, 133 P. 260, 262.

In the early case of Mahaffey v. Territory, 11 Okl. 213, 66 P. 342, it was said by the supreme court of Oklahoma:

"The county attorney derives his authority from the people, as expressed in the statute, and his right and authority cannot be restricted or superseded by the district court, unless some of the conditions or disqualifications named in St.1893, C. 22, Art. 5 § 9, [19 O.S.1951 § 187] exist."

This was a case where the district judge had concluded that the county attorney was inexperienced and had appointed an assistant for him, and where such act was held erroneous.

In Wilson v. State, 89 Okl.Cr. 421, 209 P.2d 512, 513, 212 P.2d 144, the State prosecuted defendant for a lesser crime than it might have, but it was held that the defendant could not be heard to complain. We held:

"The county attorney acts under a discretion committed him for the public good, and one of his most important functions is to select, out of what the law permits, the charges which he will bring against offenders. They have no power to elect, and above all they cannot object if he overlooks their heavier offendings and prosecutes them simply for the lighter."

Cited in support was Bishop New Commentaries on the Criminal Law (8th Ed.) par. 812(3) and 812a and a number of cases. And see Halliday v. State Bank of Fairfield, 66 Mont. 111, 212 P. 861.

In McGarrah v. State, supra, this court said [10 Okl.Cr. 21, 133 P. 262]:

"The law has very carefully guarded the administration of public justice from any interested or unauthorized intermeddling. The county attorney is a very responsible officer, selected by the people and vested with a wide personal discretion, intrusted to him as a minister of justice. There are many reasons why a power of this kind should be confined to the prosecuting officer. He is expected to be impartial in abstaining from prosecuting, as well as in prosecuting, and to guard the real interests of public justice in favor of all concerned.

"It is therefore of the highest importance to the public that this power should be carefully exercised, and that the responsibility should rest upon the officer to whom it is confided."

In Hutchinson v. State, Okl., 318 P.2d 885, it was held by the Supreme Court of Oklahoma, in effect, that a county attorney has a large discretion in the matter of filing preliminary complaints in a particular justice of the peace court, and that if he never filed a complaint in a particular court that such would not constitute "gross partiality" in office. Further, that prosecuting attorney has authority to determine when to commence criminal actions on behalf of State and what charges to file and, in absence of statute, or other legal restrictions, such attorney may file the preliminary complaint in such action in any justice of the peace court having jurisdiction of the offense charged. Judgment removing plaintiff in error from office was reversed.

■ It is our conclusion from the above that the district court has no authority or jurisdiction to dismiss the prosecution of a case prior to the filing of an information except under conditions provided by 22 O.S.1951 § 811, and that the county attorney not only directs under what conditions a criminal action shall be commenced, but from the time it begins until it ends his supervision and control is complete, limited only by legal restrictions; that the district court may make suggestions to a county attorney with reference to filing an information, but that he may not order the county attorney to do so by a specific date on the threat of dismissing the proceedings, where the time provided by 22 O.S.1951 § 811 has not expired. That to do so constitutes intermeddling and interference with orderly procedure, and in spite of the fact that the county attorney is authorized to refile a case where the statute of limitations has not run (22 O.S.A. §§ 151–152) in any such case the bond of the accused would be

cancelled or the accused released from custody if a new complaint was not immediately filed, and a new preliminary examination would have to be scheduled and gone through, if not waived, and new bond filed. But it is not such inconvenience and trouble that is determinative of the question for solution, but the unauthorized application of judicial power not granted by law in interfering with the discretionary duties of the county attorney.

Therefore, the writ of prohibition prayed for must be granted, and the respondent district court of the twenty-fourth judicial district of Oklahoma, and the Hon. Jess I. Miracle, judge thereof, are ordered to vacate and set aside that portion of the order made and entered March 11, 1958, wherein the county attorney of Okmulgee County was ordered and directed to file an information in case No. 4650, State of Oklahoma v. Hollis Holleman, on or before March 17, 1958, on penalty of the proceeding being dismissed, the case to proceed not inconsistent with the expressions contained herein.

BRETT, P. J., and NIX, J., concur.