## WELCH et al. v. STATE.

No. A-5543.  Opinion Filed June 30, 1926.
(247 Pac. 426.)

G. Arthur Holloway and Wm. C. Hall, for plaintiffs in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Hughes county on a charge of having possession of intoxicating liquor with intent to violate the prohibitory liquor law, were sentencel to pay a fine of $300 and to be confined in the county jail for a period of four months.

The evidence is that two officers went to the place of residence of the defendant with a search warrant and found about a gallon of corn whisky. The defendant Combs admitted having possession of the whisky and that he was drinking. He was asked by his counsel: "Q. Had you sold any of that whisky?" and answered: "I had not had it very long."

The defendant Welch testified that he was rooming at the defendant Combs' house, and that the whisky belonged to Combs, who had bottled it, and that he had drunk some of it.

Under the prima facie evidence rule, section 6999, Comp. Stat. 1921, as amended by chapter 123, Session Laws, Sp. Sess. 1924, the evidence is sufficient to sustain the verdict.

The contention is made that the court erred in admitting evidence of the reputation of the place of residence where the liquor was found. One witness was asked as to the reputation of the place, and answered that it was bad. If it be admitted that this is error, it is not a sufficient ground for reversal.

It is next argued that the search was illegal as made without a search warrant, and it is vigorously contended that there is no evidence that the officers who made the search had a search warrant. Both of the officers who testified for the state said that they had a search warrant issued by the justice of the peace, T. T. Rive, and that the same was served by reading.

The defendant Combs testified as follows:

"Q.    When they came in there what did they do? A. They said, 'Where is that whisky?'

"Q.    Did Mr. Templeman or Mr. Reed read to you a search warrant?    A. They did not and never have.

"Q.    Did they deliver any to you?    A. Yes, sir."

From this it appears that a copy of the search warrant was served either by reading or by delivering defendant a copy.  If, as contended, the search warrant was illegal, some evidence to show it was illegal should have been introduced.  We do not presume that it was error; it must be made to affirmatively appear. No error requiring a reversal is apparent.

The case is affimed.

BESSEY, P. J., and DOYLE, J., concur.