## PAT REAGOR v. STATE.

No. A-7706. Opinion Filed May 23, 1931.
(299 Pac. 516.)

John T. Levergood, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, Pat Reagor, hereinafter referred to as defendant, was convicted in the district court of Pottawatomie county of the crime of illegal possession of narcotics, and his punishment fixed by the jury at imprisonment in the state penitentiary for one year and one day.

The defendant is a Negro, and at the time of the commission of the offense was living in the city of Shawnee, at 825 South Bell street. On the 29th day of July, 1929, the chief of police of the city of Shawnee, accompanied by a policeman named Budd and a deupty sheriff named Diester, having a search warrant, went to the premises of the defendant and made a search thereof. At the time of the search the house of defendant was being remodeled, and there was a tent in the yard, on the north side of the house, containing a cot, some clothing, three hand bags, and other household furniture. The morphine was found in one of the hand bags in the tent.

The officers testified that the defendant said he was sleeping in the tent, and that the hand bag in which the morphine was found belonged to him. When the officers found the hand bag it was locked, and the defendant furnished them with a key with which they unlocked it. Three capsules containing morphine were found and a number of empty capsules. These were turned over to the sergeant at the police station and locked in the vault until they were analyzed on the 2d day of October following. The chemist analyzing the same testified that the capsules contained morphine. There was also found in the hand bag in the tent some hypodermic needles used in connection with the administration of narcotics.

The defendant, testifying in his own behalf, admitted that he was present when the search was made of the tent, and that he furnished the officers some keys, one of which fit the hand bag, but defendant claimed that the hand bag from which the officers took the narcotics was not his, but belonged to one Tom Stevens, who was at that time working on the house.

Defendant contends first that the evidence is insufficient to support the verdict and judgment.

68

Defendant contends that the state failed to identify the morphine which was analyzed as the stuff taken from the hand bag on the premises of the defendant. The state's witnesses testified to the discovery of these capsules in the hand bag in the tent located on defendant's premises, and that they were placed in a box and given to the sergeant of the police station and there kept in a vault until the same were analyzed in October. The police officer testified that the box he gave the chemist was the same box that he placed in the vault of the police station; that it appeared to be in the same condition; and that the empty capsules and the capsules containing morphine appeared to be the same. The chemist testified to the reception of the box—describing it—and as to the number of capsules containing morphine, and that the analysis made by him was made of the same contents of the same capsules that the police officer turned over to him. The box was labeled as having been taken from the defendant's premises at the time it was put in the vault at the police station.

This evidence uncontradicted was sufficient to authorize the jury to find that the analysis made by the chemist was made of the same material as that taken from the premises of the defendant on July 29, 1929.

This court has repeatedly held that it will not disturb a verdict of a jury solely on the ground of insufficient evidence, where there is a basis in the evidence from which the jury could logically conclude that the defendant was guilty.

Defendant next contends that the conviction should be reversed because of error on the part of the trial court in wrongfully restricting the cross-examination of certain state's witnesses.

Counsel for defendant called the court's attention to two places in the record which he contends support this alleged ground for reversal, which read as follows:

"Q. Did he tell you that they left their hand bags there? Part of the hand bags were theirs and part his?"

This was objected to by the state as a self-serving declaration and the objection sustained by the court. Prior to this question and objection the witness was asked the following question:

"Q. Did he tell you that he had five or six or eight or nine men working there on the building for him, and that they slept in that tent? A. No. He said he had men working there, but he did not say they slept in the tent." Following the objected question the witness was asked: "Q. What did he say as to who owned all the hand bags? A. He said those two were his I asked him about."

The court did not err in sustaining the objection to the question complained of.

Under this assignment defendant also contends that the court erred in not permitting counsel on cross-examination to ask the witness whether other men than the defendant were on the premises.

Defendant's counsel made no offer of proof of the matters complained of, after the court sustained the state's objection.

This court cannot determine from the record that the defendant was prejudiced by the court's refusal to permit the witness to answer the questions propounded.

This court will not seek error, but the same must affirmatively appear upon the record. Ables v. State, 35 Okla. Cr. 26, 247 Pac. 423; Welch v. State, 35 Okla. Cr. 17, 247 Pac. 426.

Defendant next contends that the trial court erred in wrongfully excluding certain alleged competent evidence offered by the defendant.

The following proceedings appear from the record:

"Q. (By Mr. Levergood) Millie, I will ask you, after you went to the police station and came back to the house, did you see any person at the house, asking about any hand bags, or anything?"

This question was objected to as incompetent, irrelevant, and immaterial, and sustained by the court.

"Q. (By Mr. Levergood) Who did you see down at the house?"

This was objected to as immaterial, and sustained, and thereupon the following proceedings were had at the bench and out of the hearing of the jury:

"Mr. Levergood: Comes now the defendant and offers to prove by this witness, if permitted to answer, the following: That she came back to the house, after being at the police station, and saw a man by the name of Tom Stevens, who inquired where his hand bag was, and that the witness informed Tom Stevens that the law had been there and taken his grip."

The state objected to this, and the objection was sustained.

"Q. (By Mr. Levergood) After this raid, did you see a person down there by the name of Tom Stevens?"

This was objected to by the state as incompetent, irrelevant, and immaterial, and the objection was sustained.

The substance of the offer is to prove what Stevens said, which was hearsay and therefore inadmissible.

The other errors complained of by the defendant being equally without substantial merit, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.