## TONY PETITTI v. STATE.

No. A-1915.    Opinion Filed December 28, 1914.

(145 Pac. 305.)

TRIAL — Time for Trial — Dismissal — Delay — "Good Cause to the Contrary." "In all criminal prosecutions the accused shall have the right to a speedy and public trial." Bill of Rights, sec. 20. "When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown." Procedure Criminal (Rev. Laws 1910), sec. 6095.

In this case it appears that two terms of court had passed before the committing magistrate returned to the clerk of the trial court the papers in the case, and three terms of said court had passed without an information being filed against the defendant.

Held, that the dereliction on the part of the magistrate, and the want of time and press of business on the part of the county attorney, are not "good cause to the contrary," within the meaning of that phrase as used in said section. It was therefore error to deny the defendant's motion to dismiss the prosecution.

(Syllabus by the Court.)

*Appeal from Superior Court, Pittsburg County;
W. C. Liedtke, Judge.*

Tony Petitti was convicted of arson, and appeals.    Reversed.

*Horton & Smith,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

DOYLE, J.    This appeal is prosecuted from a judgment and sentence that Tony Petitti, plaintiff in error, be imprisoned in the state penitentiary at McAlester for the term of five years for the crime of arson.

The information alleges, in substance, that on the 12th day of December, 1910, Tony Petitti did willfully and feloniously set fire to and burn certain goods and chattels, the property of the said Tony Petitti, to wit, a certain stock of merchandise

located in a certain store building in the town of Alderson, Pittsburg county, Okla., and in the possession of said Tony Petitti, with the unlawful and felonious intent thereby to injure and defraud certain corporations, to wit, Hamburg-Bremen Fire Insurance Company of Hamburg, Germany, and the Fire Association of Philadelphia. It appears from the record that on the 14th day of December, 1910, a complaint was filed before a justice of the peace at McAlester, charging Tony Petitti, John Petitti, and Jasper Petitti with the crime above charged, and all three were held to answer to the next term of the superior court, commencing on the first Monday in January, 1911. The transcript of the justice of the peace in said case was not filed in the superior court until July 30, 1911, and no information was filed in said court until November 21, 1911, or nearly a year after the preliminary examination was had. No information was ever filed against John and Jasper Petitti. Upon arraignment the defendant filed his motion to dismiss, and that he be discharged for want of prosecution, under section 6095 of the Code of Criminal Procedure. That section is as follows:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown."

To this motion the state replied by the county attorney as follows:

"(1) That it is true that the defendant had his preliminary and was held to the superior court on December 20, 1910, and that the transcript in the case was not filed by the justice of the peace with the clerk of said court until July 30, 1911, but your respondent shows to the court that the preliminary was held so shortly before the January term of the superior court that said cause could not have been brought to hearing at said term for want of time.

"Respondent further shows to the court that defendant was on bond from the date of the preliminary, and had attorneys residing in the city of McAlester, and that the delay of the justice of the peace in sending up his transcript was not called to the attention of the justice of the peace, the county attorney, or the court, and that said transcript was in fact filed by the justice

of the peace after the setting of the criminal docket for the July term of said court, and that the county attorney did not find such transcript until shortly before the filing of the information herein; that when he did find it he filed the information immediately, set the cause down for hearing at the present term of the court, and is now ready for trial.

"Respondent further shows to the court that the county was without funds with which to hold an April term of the court, without power to make a debt for such expenses, and therefore could not hold said term.

"Your respondent submits that he has shown sufficient cause for not bringing this case to a trial sooner, and submits that said motion should be denied."

The provision of Procedure Criminal above quoted was enacted in the light and under the operation of section 20, Bill of Rights, providing that "in all criminal prosecutions the accused shall have the right to a speedy and public trial." Const. art. 2, sec. 20. The authorities uniformly hold that such statutes are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision. *Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736.

It was the duty of the justice of the peace, as the committing magistrate, to return immediately to the clerk of the superior court of Pittsburg county the original complaint, with his order holding the defendants to answer the same indorsed thereon, also the warrant and transcript of the testimony of the witnesses examined before him, and all undertakings of bail taken by him, together with a certified transcript of the proceedings as they appear on his docket. Procedure Criminal, secs. 5680, 5692.

It is undisputed that two terms of said court had passed before the magistrate returned to the clerk of the said court the papers in the case, and if no cause existed other than appears in the record for his failure to return them earlier than he did, he was guilty of inexcusable negligence. Three terms of said court had passed without an information being filed against the defendant. Under the facts as shown, the court below should have granted the defendant's motion, and dismissed the prosecution against him. The want of time and press of business on

the part of the county attorney is not "good cause to the contrary," within the meaning of that phrase as used in said section. The bond mentioned in the county attorney's reply was for the appearance of the defendant at the next term of said court, and we know of no law that requires the defendant or his attorneys to call the county attorney's attention to the dereliction of the committing magistrate. The filing of the information in the trial court could not be affected by the condition of the court fund.

We are constrained to think that the reply of the county attorney to the motion to dismiss was in effect a confession that the motion was well founded. It follows that the judgment should be reversed, and the court below directed to dismiss the prosecution and discharge the defendant.

ARMSTRONG, P. J., and FURMAN, J., concur.