## M. M. DAY v. STATE.

No. A-7683.   Opinion Filed March 14, 1931.
(296 Pac. 987.)

King & Crawford and Tom D. McKeown, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Pontotoc county of manslaughter in the first degree, and his punishment fixed at four years in the state penitentiary.

The homicide occurred in September, 1926. A preliminary examination was held. The magistrate made a finding of probable cause of manslaughter, and transmitted his order of commitment and the record of the proceedings to the district court in the latter part of September. Defendant was admitted to bail. The information based on said preliminary was not filed until Octo-

ber 17, 1927, more than one year after the filing of the order and transcript. Defendant filed a motion to dismiss. The state did not attempt to make a showing of good cause for the delay in filing the information. The motion was overruled and the action of the court assigned as error here.

Section 2912, Comp. Stat. 1921, reads:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This statute, with section 2913, Comp. Stat. 1921, gives effect to article 2, § 20, of our Constitution, which guarantees to a defendant a speedy trial. Petitti v. State, 11 Okla. Cr. 234, 145 Pac. 305; Ex parte Menner, 35 Okla. Cr. 253, 250 Pac. 541; Harris et al. v. Ogden, 44 Okla. Cr. 418, 281 Pac. 316.

In the Petitti Case, supra, defendant was charged with arson in December, 1910. He was held for action of the superior court; the next term being on the first Monday in January, 1911. The transcript of the justice of the peace was not filed until July 30, 1911, and the information was not filed until November 21, 1911. A motion to dismiss was filed, and the state attempted to make a showing of good cause for the delay, as provided for by section 2912, supra. The trial court overruled the motion, but this court held that the showing of good cause was insufficient, reversed the case, and ordered a dismissal. In the case before us, the record is not as favorable for the state as in the Petitti Case. It can hardly be argued that one charged with crime and held at a preliminary examination for action of the district court is required to demand that an information be filed against him in order to secure his

constitutional right to a speedy trial. There is a difference between a demand for a trial by an accused on bail after he has been formally charged in a court where a final trial can be had and a case such as the instant case, in which no information has been filed upon which a final trial can be had. As in the instant case, there was no charge pending upon which a trial could be had and consequently a demand for trial could be made. Where no attempt to show good cause is made, such a delay in filing information as appears from the record before us is inexcusable. We must follow the plain mandate of the law.

The case is reversed and remanded, with instructions to the lower court to dismiss.

DAVENPORT, P. J., and CHAPPELL, J., concur.