## H. LEE BENEFIELD v. STATE.

No. A-8285.   May 21, 1932.
(11 Pac. [2d] 767.)

Clayton Carder, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Kiowa county, of the crime of sale of a forged evidence of debt, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of four years.

Defendant complains of numerous errors, but to dispose of the case it will only be necessary to consider one of them; that is, that the court erred in overruling his motion to dismiss because the case was not brought to trial at the next term of court and no good cause to the contrary shown for the delay.

It appears from the record that the preliminary complaint was filed against defendant on the 18th day of April, 1930; that on the 28th day of April, 1930, defendant was held for trial in the district court; that on the 1st day of May, 1930, a transcript of the proceedings of the preliminary hearing was filed by the justice of the peace with the clerk of the district court; that the information was not filed in the district court until the 4th day of May, 1931, and more than one year after the preliminary hearing and after the transcript of the proceedings had been filed in the district court; that on the 4th day of May, 1931, defendant filed his motion to dismiss the case because the information had not been filed in the district court within one year after defendant was held to appear for trial.  The state called the former county attorney and

the present county attorney in an attempt to show good cause for failure to file the information and bring defendant to trial at the next term of court. They both testified that there was no agreement with defendant or his counsel for the delay; that the docket was crowded and the case probably could not have been reached for trial. On this showing, the trial court overruled the motion to dismiss.

Section 2912, C. O. S. 1921, provides:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

This court first had this question under consideration in Petitti v. State, 11 Okla. Cr. 234, 145 Pac. 305, and there laid down the rule that the case must be dismissed for failure to file the information, unless good cause was shown, and that the failure of the magistrate to file the transcript, and the want of time and press of business on the part of the county attorney were not "good cause to the contrary," within the meaning of section 2912, supra.

This court had the same question under consideration in Day v. State, 50 Okla. Cr. 178, 296 Pac. 987, 988, and there said:

"When a person has been held to answer for a public offense by a committing magistrate, and no indictment or information is filed against him for more than one year, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown."

The state in its brief inferentially admits that the case must be dismissed unless the court is prepared to overrule its former holdings in Petitti v. State, and Day v. State, supra.

We have read the authorities cited by the state and carefully considered the rule there stated, and see no good reason for changing the rule in Petitti v. State, and Day v. State, supra.

Where no attempt to show good cause is made, or where the showing is insufficient, as in this case, such delay in filing the information as appears in the record before us is inexcusable.

The cause is therefore reversed and remanded, with instructions to the lower court to dismiss the same.

DAVENPORT, P. J., and EDWARDS, J., concur.