MOSS PARKINSON v. STATE.

No. A-9343. April 1, 1938.
(78 P. 2d 321.)

E. E. Ammons, Hazen Green, and Otho Green, all of Eufaula, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case, filed in the district court of McIntosh county, in substance charged that Moss Parkinson and John Thompson, in said county and state on or about the 27th day of September, 1935, then and there acting together, with intent to do bodily harm, did feloniously and without justifiable or excusable cause commit an assault upon one L. E. Martin, with and by means of a certain dangerous weapon, to wit, a wooden club about 2½ feet long and about 2 inches in diameter, and did beat, bruise, and injure the said L. E. Martin about the head and body.

On his separate trial the jury returned a verdict finding the defendant Moss Parkinson "guilty of assault' with a dangerous weapon, as charged in the information," but

were unable to agree on the punishment. Motion for new trial was duly filed and overruled. December 4, 1936, the court rendered judgment and sentenced the defendant to be confined in the state penitentiary for the term of 18 months.

To reverse the judgment, the defendant appealed by filing in this court a petition in error with duly certified transcript of the record attached.

It appears from the record that on the 28th day of September, 1935, a complaint was filed before J. L. Corbin, justice of the peace, district No. 13, said county, charging Moss Parkinson and John Thompson with the crime above charged, and said defendants waived preliminary examination and were held to answer to the next term of the district court of said county, commencing on the first Monday in January, 1936. The transcript of said justice of the peace in said case was duly filed in said district court and no information was filed in said court until November 12, 1936, or more than a year after the preliminary examination and commitment thereon.

Upon arraignment the defendants filed their motion to dismiss, and that they be discharged for want of prosecution at the next term of the district court after the preliminary examination was had, thus depriving the defendants of their constitutional right to a speedy and public trial, and in violation of section 2871 of the Code of Criminal Procedure, St. 1931, 22 Okla. St. Ann. § 811.

In support of the motion to dismiss, the defendants offered the transcript of the proceedings had before the committing magistrate, and the transcript of the same, duly filed in the district court, and called Ernest Kirby, court clerk of said county, who testified that there has been no order of the court calling for a jury term for the trial of criminal cases at any time from November, 1934, until the time the present term of court was called.

The state, to show good cause for the delay in filing the information, called Roy White, who testified that he was the duly elected, qualified, and acting county attorney of McIntosh county, on November, 1934, and continued in such capacity until the 24th day of November, 1936, and during that time there was no term of criminal court from December, 1934, until now, for the reason there were not sufficient cases accumulated to justify the calling of a jury.

He further testified:

"I will ask you about how many people charged with criminal offenses were sent to the penitentiary on pleas of guilty during that time, approximately? A. Oh, I guess 150 or 200, a lot of them. Q. That eliminated, by reason of the pleas of guilty, the necessity for calling a criminal term. A. Yes, sir."

The court overruled the motion.

The Constitution guarantees a speedy and public trial to the accused in all criminal prosecution. Section 20, Bill of Rights.

The statute, section 2871, Code of Criminal Procedure, 22 Okla. St. Ann. § 811, provides:

"When a person has been held to answer for a public offense, if an indictment or information is not filed against him at the next term of court at which he is held to answer, the court must order the prosecution to be dismissed, unless good cause to the contrary be shown."

The section above quoted was enacted in the light and under the operation of section 20, Bill of Rights.

The authorities uniformly hold that such statutes are enacted for the purpose of enforcing the constitutional right, and that they constitute a legislative construction or definition of the constitutional provision. Eubanks v. Cole, 4 Okla. Cr. 25, 109 P. 736; Culver v. State, 11 Okla. Cr. 4, 141 P. 26.

In the case of Petitti v. State, 11 Okla. Cr. 234, 145 P. 305, this court said:

"Held, that the dereliction on the part of the magistrate, and the want of time and press of business on the part of the county attorney, is not 'good cause to the contrary,' within the meaning of that phrase as used in said section."

In the opinion we said:

"Under the facts as shown, the court below should have granted the defendant's motion, and dismissed the prosecution against him. The want of time and press of business on the part of the county attorney is not 'good cause to the contrary,' within the meaning of that phrase as used in said section. The bond mentioned in the county attorney's reply was for the appearance of the defendant at the next term of said court, and we know of no law that requires the defendant or his attorneys to call the county attorney's attention to the dereliction of the committing magistrate."

In the case of Day v. State, 50 Okla. Cr. 180, 296 P. 987, 988, this court held:

"When a person has been held to answer for a public offense by a committing magistrate, and no indictment or information is filed against him for more than one year, the court must order the prosecution to be dismissed, unless good cause to the contrary is shown."

Judge Edwards, speaking for the court in the opinion, said:

"In the case before us, the record is not as favorable for the state as in the Petitti Case. It can hardly be argued that one charged with crime and held at a preliminary examination for action of the district court is required to demand that an information be filed against him in order to secure his constitutional right to a speedy trial. There is a difference between a demand for a trial by an accused on bail after he has been formally charged in a court where a final trial can be had and a case such as the instant case, in which no information has been filed upon which a final trial can be had. As in the instant case, there was no charge

pending upon which a trial could be had and consequently a demand for trial could be made. Where no attempt to show good cause is made, such a delay in filing information as appears from the record before us is inexcusable. We must follow the plain mandate of the law."

Upon the record before us, we are constrained to think that the reply of the county attorney to the motion to dismiss was in effect a confession that the motion was well founded.

It follows from what has been said that the court erred in overruling the motion to dismiss.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded with direction to dismiss the prosecution and discharge the defendant.

DAVENPORT, P. J., and BAREFOOT, J., concur.